No. 85,434

STATE OF KANSAS, *Appellee*, v. JACKIE PAUL LOFTON, JR.,
*Appellant*.

(32 P.3d 711)

Opinion filed October 19, 2001.

*Cory Riddle*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for appellant.

*Craig D Kershner*, county attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: In 1984, Jackie Lofton was convicted by jury trial of rape (K.S.A. 21-3502 [Ensley 1981]), kidnapping (K.S.A. 21-3420 [Ensley 1981]), and battery (K.S.A. 21-3412 [Ensley 1981]), two class B felonies and one class B misdemeanor, respectively, for which he received two 15-years to life sentences plus 6 months in the county jail. All sentences were to run consecutively. His convictions were affirmed by this court on December 6, 1985, in an unpublished opinion, *State v. Lofton*, No. 57,500.

On February 11, 2000, defendant filed a pro se motion entitled "Motion of Nunc Pro Tunc Pursuant to K.S.A. 22-3504(1)" in which he contends his jail time credits had been improperly computed. He contends that a credit of the 7 months and 2 days he spent in jail awaiting trial on these charges should have been credited to the sentence imposed on *each* of the two felonies, for a total of 14 months and 4 days credit on his aggregate prison sentences.

In denying relief under the motion, the district court held that no relief could be granted under K.S.A. 22-3504(1), which provides:

"The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

The basis for this determination was that there was no claim that either sentence was illegal. The sentences of 15 years to life on each of the two felonies, running consecutively, were lawful sentences. Defendant's only complaint concerns the amount of jail time which was credited to his lawful sentences. We agree with the district court.

We have defined an illegal sentence as a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in character or the term of punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. *State v. Duke*, 263 Kan. 193, 194, 946 P.2d 1375 (1997). On its face the motion filed herein clearly shows there was no claim of illegal sentence, but rather a claim that insufficient jail time was credited against the sentence imposed. There is, accordingly, no error in the district court's summary denial of the motion herein without affording the defendant a hearing, his personal presence at the hearing, and appointment of counsel as provided by K.S.A. 22-3504(1).

The district court further held that even if the issue of the amount of jail time credit were properly before it, defendant was entitled to no additional credit. We agree. Defendant argues that the jail time credit statute, K.S.A. 21-4614, and the decision in *State v. Jenkins*, 10 Kan. App. 2d 8, 690 P.2d 396 (1984), mandate that he be given full jail time credit against the sentences in each felony. As there are two sentences which aggregate to 30 years to life, he argues he is entitled to credit for twice the time he was actually incarcerated in jail on the aggregate sentence. Neither the statute nor the *Jenkins* decision supports his position. K.S.A. 21-4614 contains no provision for credit in excess of the time an individual is

actually incarcerated in jail. The *Jenkins* case involved a defendant who was consecutively sentenced on the same day for two felonies and then granted probation. Later, when the probation was revoked, the jail time credit was set at 37 days—the time Jenkins was incarcerated awaiting disposition of the revocation proceeding. The 20 days defendant had been incarcerated on one felony prior to sentencing and the 1 day he was so incarcerated on the other felony were held by the district court not to entitle defendant to credit on the aggregate sentence. These 21 days of incarceration were, in effect, lost as far as jail time credit. The Court of Appeals held that Jenkins was entitled to have the 20 day and 1 day incarceration aggregated and the 21 days credited to the aggregate sentence. 10 Kan. App. 2d at 10-11. Nothing in *Jenkins* supports defendant's contention that he is entitled to jail time credit on his aggregate sentence for twice the number of days he was actually incarcerated.

The judgment is affirmed.