NOT DESIGNATED FOR PUBLICATION

No. 113,991

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGEL UNRUH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed June 3, 2016. Vacated.

*Ryan Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Nathan L. Dickey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., STANDRIDGE and ATCHESON, JJ.

*Per Curiam*: This case requires the allocation of jail-time credit in an odd set of circumstances. In light of the oddities, we find the Saline County District Court misapplied that time to Defendant Angel Marie Unruh's earlier criminal case rather than this one. We, therefore, vacate the district court's order and direct that Unruh be given credit in this case, a result that seems to better correspond to the legislative directive in K.S.A. 2015 Supp. 21-6615.

1

The details of Unruh's criminal escapades are irrelevant, so we skip over them. The procedural posture of this case is pertinent. We start there. In October 2014, the State charged Unruh in this case with two drug crimes and with theft. At the time she committed those crimes, Unruh was on postrelease supervision in another case. Unruh was a pretrial detainee in the county jail in this case. While she was in custody, the Kansas Department of Corrections issued a warrant for her for violating her postrelease supervision. See K.S.A. 2015 Supp. 75-5217(a).

Through her lawyer, Unruh and the State worked out a plea agreement calling for her to plead guilty to one felony drug offense. The agreement included a joint recommendation to the district court that Unruh be placed on probation in this case, even though she committed the crime of conviction while on postrelease supervision. See K.S.A. 2015 Supp. 21-6604(f)(1) (district court may order defendants incarcerated if they commit crimes while on conditional release, including postrelease supervision, even though presumptive sentences call for probation).

At sentencing, the district court followed the plea agreement and placed Unruh on probation in this case, finding she had significant substance abuse problems that could be better addressed in a community treatment setting than in prison. The Department of Corrections continued to have a hold on Unruh by virtue of its warrant for her violation of the conditions of postrelease supervision in the earlier case. But the Prisoner Review Board had not yet addressed or disposed of that violation. The Board has the authority to revoke or reinstate postrelease supervision following an administrative hearing. Revocation results in the individual's reincarceration for a fixed time. See K.S.A. 2015 Supp. 75-5217(b).

The journal entry in this case states that the time Unruh spent in jail should first be credited in the earlier case, presumably against any reincarceration the Prisoner Review Board might order for the violation of postrelease supervision. Unruh filed a motion in

2

the district court objecting to that portion of the journal entry and arguing the jail time should be credited in this case. The district court entered an order denying the motion and finding the jail time should be credited in only the earlier case. Unruh has appealed the district court's treatment of the jail-time credit.

Jail-time credit is addressed in K.S.A. 2015 Supp. 21-6615. The statute directs a district court to "compute[] . . . an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2015 Supp. 21-6615(a). The statute, however, does not specifically speak to the circumstance in which a defendant has been held on multiple criminal charges or, as here, has been detained on a new criminal charge and a warrant for violation of conditional release in an earlier case. Consistent with K.S.A. 2015 Supp. 21-6615, a defendant is to receive 1 day of credit against a sentence for each day spent in pretrial detention. What a defendant cannot claim is a double credit for pretrial detention against more than one sentence. See *State v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2001) (defendant not entitled to credit for pretrial detention against *each* of two sentences to be served consecutively, since that would result in a double counting); *State v. Molina*, No. 98,244, 2008 WL 4222917, at *5 (Kan. App. 2008) (unpublished opinion) ("The ultimate rule of 1 day of jail time credit for each day a defendant spends incarcerated pending disposition of his or her case . . . must further be applied to prevent duplication for time served simultaneously on multiple charges . . . .").

Here, the issue is not double counting, and Unruh is not advancing a position that would result in double counting. The question is considerably narrower. The issue is how to credit jail time in the limited circumstance in which a defendant has been held on both a new criminal charge and a warrant for a potential violation of postrelease supervision in an earlier case. That's Unruh's situation, as we understand it. If the potential violation of postrelease supervision in the earlier case has not been administratively resolved before the sentencing hearing in the current case, K.S.A. 2015 Supp. 21-6615(a) points toward

3

crediting any pretrial detention in the current case. That is, the credit should be given, in the words of the statute, in "the defendant's case," meaning the immediate crime of conviction rather than against some, as yet, undetermined administrative punishment in a past case.

We hasten to add, however, we are not addressing any other circumstance, and our decision should not be parsed for any suggestion about some situation other than what's specifically before us. We expressly disclaim offering guidance on how jail-time credit ought to be allocated if the Prison Review Board has already found a postrelease supervision violation in an earlier case by the time a defendant appears for sentencing in a pending case. Likewise, this case has nothing to do with determining when a defendant has completed a term of postrelease supervision and what should be counted toward that term.

The district court's order directing that Unruh's jail-time be credited in her earlier case is vacated. We direct that the time Unruh spent in jail during the disposition of this case be credited against her sentence in this case.