NOT DESIGNATED FOR PUBLICATION

No. 119,085

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARRIS LEVELLE BROWN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed March 1, 2019. Reversed and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Ellen Hurst Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., ATCHESON, J., and BURGESS, S.J.


PER CURIAM: Darris Levelle Brown appeals the district court's denial of his request for additional jail credit. Brown contends, rather than crediting jail time to his term of unrevoked postrelease supervision from an earlier case, the district court should have awarded that same time as jail credit to his sentence in this case. We agree. Since jail credit may not be applied to unrevoked terms of postrelease supervision, the district court erred in denying Brown's motion. As a result, we reverse and order that the time Brown was incarcerated between January 2014 and January 2015 be credited in this current case.

1

In January 2014, the State charged Brown with child abuse, aggravated battery, interference with law enforcement, and four counts of misdemeanor battery. When he committed the 2014 crimes, Brown was on postrelease supervision in a 2009 case—09CR658. Brown was detained in the Saline County jail on January 12, 2014. One day later, the Kansas Department of Corrections (KDOC) issued an arrest and detain order against Brown for potentially violating the conditions of his postrelease supervision in his 2009 case. However, the KDOC never revoked Brown's postrelease supervision.

One year after the KDOC issued the detention order, Brown posted bond and was released from custody on January 13, 2015. About two months later, the State moved to revoke Brown's bond and the district court issued a bench warrant. Brown was placed back in jail on April 21, 2015.

Brown pled no contest to amended charges of child abuse and misdemeanor domestic battery in his 2014 case. On December 2, 2015, the district court sentenced Brown to a controlling prison term of 84 months. The district court ordered this sentence to run consecutive to Brown's 2009 sentence.

During sentencing, the parties disputed whether Brown should receive jail credit in his 2014 case for the period between January 12, 2014, and January 13, 2015, which he spent in jail on hold for potentially violating his postrelease supervision. The State argued the jail time should be awarded in the 2009 case, and Brown argued the time should be awarded to the 2014 case. The district court ordered the parties to prepare a journal entry with the "correct jail time credit." Although the district court did not determine which case the jail time should be credited, it noted that Brown was not entitled the jail credit on both cases.

After sentencing, the district court filed a journal entry of judgment. The journal entry shows that Brown was awarded 225 days of jail credit towards his 2014 sentence. The jail credit award reflects Brown's time served from April 21, 2015, to December 2, 2015. Importantly, the award does not include any credit for the time Brown served in jail from January 12, 2014, to January 13, 2015. The journal entry does not reflect whether this jail time was credited in Brown's 2009 case.

In August 2016, Brown sent a letter to the district court, requesting additional jail credit to his sentence in the 2014 case. The district court held a hearing on Brown's request. At this hearing, Brown argued he should receive additional jail credit for the time served between January 12, 2014, and January 13, 2015.

Employees of the KDOC and Saline County Sheriff's Office testified at the jail credit hearing. Lieutenant Lisa Graham testified that Brown was in jail from January 12, 2014, to January 13, 2015, on the 2014 case. The witnesses explained that on January 13, 2014, the KDOC placed a hold on Brown by issuing the detention order and obtaining a subsequent warrant. The hold was in place until Brown completed the term of his postrelease supervision on January 13, 2015. The witnesses confirmed that Brown's postrelease supervision was never revoked.

Michelle Sullivan testified that Brown's completion of his postrelease period triggered the KDOC to withdraw the postrelease violation warrant and lift its hold. As a result, Brown was able to post bond and be released from jail on January 13, 2015. Sullivan explained the KDOC credited Brown for the time served from January 12, 2014, to January 13, 2015, towards satisfying his postrelease supervision period in the 2009 case.

After hearing the evidence, the district court denied Brown's request for additional jail credit. The district court found that Brown's postrelease supervision was never

3

revoked. However, the district court determined that Brown was not entitled to receive the additional jail credit because the time served between January 12, 2014, and January 13, 2015, was credited in the 2009 case. Brown appeals.

ANALYSIS

On appeal, Brown contends the district court erred by denying his request for additional jail credit to his sentence in the 2014 case. Brown argues that because his postrelease supervision was never revoked, the district court was required to credit the time he served in jail from January 12, 2014, to January 13, 2015, to his sentence in the 2014 case. The State responds that the district court properly denied Brown's request for jail credit because "the record establishes that Brown had already received the disputed days as credit against a term of unrevoked post-release supervision."

Our review of the district court's jail credit award requires interpreting the Kansas Sentencing Guidelines Act. Interpretation of sentencing statutes is a question of law over which we exercise unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Kansas provides a statutory right to jail time credit. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). Under K.S.A. 2017 Supp. 21-6615(a), a defendant's sentence starting date is computed to allow credit for "the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Our Supreme Court has clarified that a defendant is entitled to jail credit for all time held in custody solely on the charge for which the defendant is being sentenced. *State v. Harper*, 275 Kan. 888, 890, 69 P.3d 1105 (2003).

There is no statutory right for credit beyond the time an individual is incarcerated in jail. *State v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2001). Instead, a defendant

4

receives one day of credit towards a sentence for each day spent in pretrial detention. A defendant may not receive double credit for time served in pretrial detention on multiple cases. See 272 Kan. at 217-18 (defendant not entitled to credit for pretrial detention towards each of two sentences to be served consecutively, since that would result in a double counting).

This court has repeatedly held that a defendant may not receive jail credit towards an unrevoked term of postrelease supervision for time spent incarcerated on a new charge which results in a conviction and sentence. *White v. Bruce*, 23 Kan. App. 2d 449, Syl. ¶ 2, 932 P.2d 448 (1997); *State v. McLemore*, No. 116,119, 2017 WL 6625552, at *2 (Kan. App. 2017) (unpublished opinion) (listing cases). Instead, postrelease supervision is suspended until the completion of the new sentence, unless the State revokes that supervision. 2017 WL 6625552, at *2.

Here, the district court determined that Brown received jail credit from January 12, 2014, to January 13, 2015, on his term of unrevoked postrelease supervision in the 2009 case. But Brown's incarceration in January 2014 suspended his postrelease supervision. As a result, Brown was not serving his postrelease supervision term during the time he was in jail. See *State v. Watkins*, No. 96,218, 2007 WL 2178070, at *3 (Kan. App. 2007) (unpublished opinion). Because Brown's postrelease supervision was never revoked, the period of jail time at issue was credited to a sentence that Brown was never ordered to serve. *McLemore*, 2017 WL 6625552, at *2. The district court erred by allowing the jail time to be credited towards Brown's term of unrevoked postrelease supervision in the 2009 case.

Since Brown was not serving his postrelease supervision term, he was incarcerated from January 12, 2014, to January 13, 2015, solely on the charges in the 2014 case. Accordingly, Brown was entitled to receive credit for that jail time towards his sentence in this 2014 case. The action of KDOC in crediting this time against Brown's postrelease

5

supervision term, was in derogation of Kansas law. See *McLemore*, 2017 WL 6625552, at *2. The district court erred by denying Brown's request for additional jail credit to his sentence in the 2014 case.

The district court's order denying Brown's motion for additional jail time is reversed. It is ordered that the time served from January 12, 2014, to January 13, 2015, be credited towards Brown's sentence in this 2014 case. It is also ordered that any jail time credited towards Brown's postrelease supervision term in the 2009 case for time served during this period be set aside. See *State v. Blazier*, No. 116,148, 2017 WL 3575656, at *2 (Kan. App. 2017) (unpublished opinion) ("When [the] potential for double credit arises, a court may correct the amount of jail time credit after sentencing."); also see *State v. Storer*, 53 Kan. App. 2d 1, 5, 382 P.3d 467 (2016) (reasoning that K.S.A. 22-3504[2] allows a court to correct clerical mistakes, such as most jail credit determinations, at any time).

Reversed and remanded with directions.