NOT DESIGNATED FOR PUBLICATION

No. 120,855

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARCY STINER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Thomas District Court; KEVIN BERENS, judge. Opinion filed October 9, 2020. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Rachel Lamm*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and ATCHESON, JJ.

PER CURIAM: Defendant Darcy Stiner contends the Thomas County District Court should have given him jail time credit for the entire period he was held in the county jail during the prosecution of this felony charge for criminal threat, even though he was also serving sentences on two misdemeanor convictions for much of that time. Stiner is mistaken. Since he makes no alternative argument, we affirm the district court's denial of any jail time credit toward his sentence in this case.

As we piece the relevant facts together from an abbreviated record in this case, Stiner was charged in separate cases in 2017 with endangerment, a misdemeanor under

1

K.S.A. 2017 Supp. 21-5429, and domestic battery, a misdemeanor violation of K.S.A. 2017 Supp. 21-5414. In each of those cases, he was found guilty, sentenced to a year in jail, and placed on probation. On July 11, 2018, a warrant was issued for Stiner for probation violations, and he was promptly taken into custody.

While he was being held in the county jail on the probation violations, Stiner threatened a City of Colby police officer on July 26—the incident giving rise to the felony criminal threat charge in this case. Stiner was formally charged on August 2. The circumstances of the threat itself are irrelevant to the issue before us.

On September 19, 2018, the district court revoked Stiner's probation in the two misdemeanor cases and ordered that he serve the one-year sentences consecutively. So from then on, Stiner was incarcerated in the county jail as punishment for those crimes. The record in this case is unclear about any credit he received against those sentences for the time he spent in jail on the warrant for the probation violations.

Stiner pleaded guilty to the criminal threat charge in this case on November 30 as part of an agreed disposition with the State. The district court sentenced Stiner in this case on February 6, 2019. At the sentencing hearing, the prosecutor and Stiner's lawyer confirmed that their plea agreement included a joint recommendation that Stiner receive jail time credit of 195 days against his sentence, representing the period between his commission of the crime (while in jail) and his sentencing. The district court sentenced Stiner to serve 19 months in prison for the criminal threat, a standard presumptive punishment under the sentencing guidelines given his criminal history. The district court ordered that Stiner serve the sentence concurrent with the sentences in the earlier misdemeanor cases. But the district court declined to award Stiner jail time credit in this case on the grounds that any credit should be applied in the misdemeanor cases.

Stiner has appealed. His only issue on appeal is the district court's denial of jail time credit in this case. And his only argument on the point is K.S.A. 2018 Supp. 21-6615(a), governing jail time credit, requires that his 19-month sentence in this case be reduced by the entire time he spent in jail between July 26, 2018, and February 6, 2019. The statute provides that a district court shall grant a defendant convicted and sentenced to a period of incarceration "an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2018 Supp. 21-6615(a). The language matches K.S.A. 21-4614, the predecessor statute.

Neither statute directly addresses how jail time credit should be handled when a defendant faces charges in multiple cases. So the law has developed with something less than perfect clarity when a defendant with more than one active case seeks jail time credit. But we need not venture into that realm of uncertainty to dispose of Stiner's argument to us.

The statutory language has been cast in terms of a single case and refers to the time the defendant has been in custody awaiting "the disposition" of that case. The statute, therefore, necessarily deals with and permits a credit for pretrial detention. The plain meaning of the language establishes that much. See *State v. Smith*, 309 Kan. 929, Syl. ¶ 2, 441 P.3d 472 (2019) ("fundamental rule" of statutory interpretation requires appellate courts to "give effect to the legislative intent" as found in statute's plain language). The overarching purpose of the statute is to afford a defendant sentenced to a period of incarceration as punishment a credit for the time the defendant has spent as a pretrial detainee. See *State v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2001) (under K.S.A. 21-4614, defendant entitled to credit for pretrial detention against aggregate period of incarceration on multiple felony convictions to be served consecutively but not against each sentence individually); *State v. Molina*, No. 98,244, 2008 WL 4222917, at *5 (Kan. App. 2008) (unpublished opinion) ("The ultimate rule of 1 day of jail time credit for each day a defendant spends incarcerated pending disposition of his or her case . . .

must further be applied to prevent duplication for time served simultaneously on multiple charges . . . .").

In short, a defendant should get credit for pretrial detention against a sentence of imprisonment on a day-for-day basis. What a defendant cannot claim is a double credit for pretrial detention against more than one sentence when those sentences are imposed consecutively. See *Lofton*, 272 Kan. at 217-18.

Stiner argues that because the district court ordered that he serve the sentence in this case concurrent with the remainder of the sentences he was already serving in the misdemeanor cases, he should receive credit for the time he spent in jail awaiting sentencing. The argument rests on a foundational flaw: What Stiner wants here deviates from the statutory language and the settled judicial construction of that language. As of September 19, 2018, Stiner was no longer even arguably a pretrial detainee, since he then began serving his sentences in the two misdemeanor cases. And he continued serving those sentences through his conviction and sentencing in this case. Neither the language of K.S.A. 2018 Supp. 21-6615(a) nor the relevant case authority supports an argument that a defendant already serving a sentence in one case should get credit for that time against a punishment of incarceration yet to be imposed in a case that remains unresolved.

Stiner's argument for jail time credit from July 26 to February 6 fails. He has made no alternative argument that he should have received credit for some portion of that time. We do not mean to suggest there may be a valid argument but simply point out we do not have to consider that possibility in this appeal. In the absence of a meritorious argument for jail time credit, we affirm the district court's ruling and its determination of Stiner's sentence.

Affirmed.

4