NOT DESIGNATED FOR PUBLICATION

No. 124,702

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLINT E. WOODS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed December 16, 2022. Affirmed.

*Wendie C. Miller*, of Law Office of David L. Miller, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Clint E. Woods appeals the district court's summary denial of his motion to correct illegal sentence. Woods' motion challenged the term of postrelease supervision and raised a jail credit issue in a 1997 case in which he has completed his sentence. We find no error and affirm the district court's judgment.

1

FACTS

Woods has two cases in Sedgwick County District Court—97CR1963 and 03CR94. In 97CR1963, Woods was convicted of aggravated indecent solicitation of a child. The district court sentenced Woods in January 1998. The journal entry of sentencing reflects that the district court sentenced Woods to 19 months' imprisonment with 24 months' postrelease supervision but granted probation for 24 months. In May 1999, the district court found that Woods violated his probation and ordered him to serve his original sentence. A nunc pro tunc order was filed in September 1999 and provided that the postrelease supervision term should be 36 months rather than 24 months as reflected in the journal entry. In April 2002, a journal entry was filed stating that Woods was present at a hearing on March 15, 2002, at which the district court found that the term of his postrelease supervision should be extended to 36 months.

Woods was arrested in connection with a double homicide in September 2002 while he was still on postrelease supervision in 97CR1963. He was formally charged in case 03CR94 in January 2003. Woods ultimately pled guilty to one count of intentional second-degree murder in 03CR94. He received a 258-month prison sentence with a postrelease supervision term of 36 months. The district court awarded Woods 400 days of jail credit in 03CR94—5 days for September 26, 2002, to September 30, 2002, and the remainder from January 29, 2003, to the date of sentencing. At the time of this appeal, Woods was on postrelease supervision for 03CR94.

In July 2021, long after he completed his sentence in 97CR1963, Woods moved to correct an illegal sentence in that case. He filed a nearly identical motion in 03CR94. These motions challenged the term of postrelease supervision in 97CR1963 and the effect it had on the jail credit calculation in 03CR94. The jail credit at issue was for the time Woods was held in custody from September 30, 2002, to January 29, 2003.

2

The State contended that Woods was held between September 30, 2002, and January 29, 2003, in connection with violating the terms of his postrelease supervision in 97CR1963. In other words, the State argued that because Woods was not held solely because of the pending charge in 03CR94, the district court properly refused to award him jail credit for that time. Woods, on the other hand, contended that he was solely held so the State could investigate the pending charges in 03CR94. He also argued that he should not have been on postrelease supervision when he was arrested in 03CR94 because his term of postrelease supervision in 97CR1963 was improperly changed from 24 months to 36 months. Woods also asserted that even if the 36-month period of postrelease supervision was correct, he was held in jail for 42 months. Woods also asserted that even if the 36-month period of postrelease supervision was correct, he completed 42 months of postrelease supervision.

The district court denied the motion in each case. It found that Woods' claim regarding jail credit did not constitute a claim that his sentence was illegal under K.S.A. 2021 Supp. 22-3504. Thus, the court found it lacked jurisdiction to consider the motion. Woods timely appealed. This appeal involves only Woods' sentence in 97CR1963.

DID THE DISTRICT COURT ERR WHEN IT
DENIED WOODS' MOTION TO CORRECT ILLEGAL SENTENCE?

On appeal, Woods argues that the district court erred in summarily denying his motion to correct illegal sentence. The State responds that the district court properly denied Woods' motion to correct illegal sentence because Woods' sentence in 97CR1963 expired long before he filed his motion. In a reply brief, Woods contends that the appeal is not mooted by the fact that he is no longer serving his sentence in 97CR1963 because of its impact on his jail time credit in 03CR94. Whether a sentence is illegal under K.S.A. 2021 Supp. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

3

The district court properly denied Woods' motion to correct illegal sentence in 97CR1963 for two reasons. First, to the extent that Woods' motion sought to receive jail credit, the district court correctly found that a motion to correct illegal sentence under K.S.A. 2021 Supp. 22-3504 cannot be used to resolve a jail credit issue. *State v. Lofton*, 272 Kan. 216, 217, 32 P.3d 711 (2001).

Second, to the extent that Woods is challenging whether the 36-month term of postrelease supervision in 97CR1963 was illegal, this claim is also barred. K.S.A. 2021 Supp. 22-3504(a) only allows a court to correct an illegal sentence "while the defendant is serving such sentence." Woods is no longer serving his sentence for 97CR1963.

Woods acknowledges that his claim is moot because he is no longer serving his sentence in 97CR1963, but he argues that this court should consider it anyway because exceptions to the mootness doctrine apply. But exceptions to the mootness doctrine will not save Woods' appeal. Mootness is a prudential doctrine. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020). Although we could exercise our discretion to decide a moot issue, we cannot ignore the statutory directive in K.S.A. 2021 Supp. 22-3504(a) that only allows a court to correct an illegal sentence while the defendant is serving the sentence.

The State also argues that Woods' motion fails on its merits because the jail credit issue has been repeatedly litigated in 03CR94. We need not address this argument. This appeal involves only Woods' sentence in 97CR1963, and the district court did not err in summarily denying Woods' motion to correct illegal sentence in that case because Woods has completed his sentence. The district court's decision will be upheld if it is correct for any reason. *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

Affirmed.