No. 126,505

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BLAKE WAYNE FEIKERT,
*Appellant*.

SYLLABUS BY THE COURT

1.

K.S.A. 21-6615(a) entitles a defendant to an allowance for jail credit against their controlling sentence for all time spent incarcerated while the defendant's cases were pending disposition.

2.

When consecutive sentences are imposed in separate cases, the defendant is entitled to a single day of jail credit for each day spent in jail while those cases were pending. A defendant is not entitled to duplicative jail credit toward consecutive prison sentences imposed in multiple cases.

Appeal from Cheyenne District Court; PRESTON PRATT, judge. Submitted without oral argument. Opinion filed July 12, 2024. Affirmed.

*Darby VanHoutan*, of Kansas Appellate Defender Office, for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., MALONE and WARNER, JJ.

1

WARNER, J.: In *State v. Hopkins*, 317 Kan. 652, Syl., 537 P.3d 845 (2023), the Kansas Supreme Court held that K.S.A. 2022 Supp. 21-6615(a) entitles a defendant "to jail time credit against his or her sentence for all time spent incarcerated while the defendant's case was pending disposition." On its face, this seems like a simple rule. But nuances of Kansas sentencing law allow courts to tailor sentences to the facts of each case. And the *Hopkins* decision has given rise to questions about how it should be applied in some of those more complex cases.

In particular, since *Hopkins* was decided, courts have diverged on to how jail time should be credited when a defendant receives consecutive prison sentences in separate cases. (*Hopkins* involved a situation where the defendant was sentenced in only one case and thus did not shed light on this question.) Some courts have concluded, as the district court did here, that a defendant receives one day of credit toward their total controlling prison sentence for each day spent in jail while the cases were pending. See *State v. Gutierrez*, No. 125,073, 2024 WL 1338948, at *3 (Kan. App. 2024) (unpublished opinion) (Malone, J., concurring). Other courts have found, at least implicitly, that defendants should receive jail credit toward each consecutive sentence—a practice that can lead to two or more days of jail credit for each day spent in jail. See *State v. Ward*, No. 125,421, 2023 WL 7404186, at *5 (Kan. App. 2023) (unpublished opinion).

Today, we clarify that a defendant is not entitled to duplicative jail credit toward consecutive prison sentences imposed in multiple cases. Based on this clarification, we affirm the district court's ruling in the case before us.

FACTUAL AND PROCEDURAL BACKGROUND

Blake Feikert was charged in July 2022 with criminal threat against a law enforcement officer. He was arrested on July 27, 2022, and was held in jail until he

2

posted a release bond on December 13, 2022. While in custody for those 139 days, Feikert was also awaiting the disposition of two other criminal cases—one involving a separate charge of criminal threat against a law enforcement officer (in a different incident from the July 2022 case) and another alleging Feikert had violated the terms of an earlier probation and felony diversion agreement.

On January 24, 2023, Feikert entered into a plea agreement covering the three pending cases. Feikert agreed to plead guilty to criminal threat against a law enforcement officer in this case, stemming from the July 2022 arrest. He also stipulated that he had violated his probation conditions and diversion agreement, and he agreed to plead guilty to the felony charges underlying the earlier diversion. In exchange, the State dismissed the separate charge of criminal threat against a law enforcement officer. The district court accepted Feikert's pleas in both cases, and he was taken into custody to await sentencing.

Feikert's sentencing hearing took place 92 days later on April 26, 2023. The district court imposed a controlling 29-month prison sentence in the earlier case that had involved probation and diversion and a 21-month prison sentence in this case, to be served consecutively. The court then applied credit for the 231 days Feikert had spent in custody—139 days from July 27 to December 13, 2022, and 92 days from January 24 to April 26, 2023—toward his 29-month sentence in the earlier case. Because this credit accounted for all the time Feikert had spent in jail, the court did not apply any jail credit to his sentence in this case. Feikert appeals.

## DISCUSSION

Feikert argues that the district court's application of jail credit was inconsistent with the jail-credit statute and the Kansas Supreme Court's holding in *Hopkins*. Feikert acknowledges that he did not raise this claim before the district court. But this omission is understandable, as *Hopkins* was decided while Feikert's appeal was pending. He argues—

3

and we agree—that there is no dispute about the controlling facts, and thus the record permits us to meaningfully consider that claim for the first time on appeal. Indeed, even if the district court had considered Feikert's current claim at sentencing, we would not be constrained by the district court's interpretation of the controlling Kansas statute. *State v. Harris*, 311 Kan. 816, 821, 467 P.3d 504 (2020).

Jail credit in Kansas is governed by K.S.A. 21-6615(a). Feikert's jail credit was controlled by the same version of that statute that the Kansas Supreme Court considered in *Hopkins*. K.S.A. 2022 Supp. 21-6615(a) states:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.*" (Emphasis added.)

Feikert asserts that *Hopkins* established a rule that a defendant must receive credit against their sentence "for all time spent incarcerated while the defendant's case was pending disposition." *Hopkins*, 317 Kan. 652, Syl. He points out that the *Hopkins* court did not announce a different rule for consecutive, concurrent, or single sentence cases. Because Feikert spent 231 days in jail while he was waiting the disposition in this case, he argues that he should be given credit toward his sentence for that time—regardless of whether he was also being held for other cases or has received credit for that jail time in other cases. We do not read *Hopkins* so broadly.

For roughly 45 years, the Kansas Supreme Court interpreted K.S.A. 21-6615(a)'s statement that a defendant should be given an "allowance" for the time they spent

4

incarcerated "pending the disposition of the defendant's case" to mean that a person would only receive jail credit when they were being held *solely* on the crime charged. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019); *Campbell v. State*, 223 Kan. 528, 528-31, 575 P.2d 524 (1978). But the Supreme Court overruled this caselaw in *Hopkins*, noting that while this precedent originated from a need to prevent duplicative credit, it had evolved to create inequitable situations unmoored to the language of K.S.A. 21-6615(a), where criminal defendants being held in jail for multiple cases received *no* credit for any of those cases. *Hopkins*, 317 Kan. at 657-58. The *Hopkins* court thus cast away its previous requirement that a defendant only receive credit for when they were held solely on the crime charged for a simplified rule that a defendant receive one day of credit for each day spent in jail:

> "Under our former interpretation of K.S.A. 2022 Supp. 21-6615(a), we would have had to closely evaluate each of the other charges against Hopkins to figure out how much credit, if any, could be awarded. However, applying our updated rule is a much easier endeavor; we simply conclude that because Hopkins spent 572 days in jail while his case was pending, Hopkins must be awarded 572 days in jail time credit." 317 Kan. at 659.

Beyond this statement, the Supreme Court's decision in *Hopkins* provides scant guidance as to how this simplified rule should be applied in more complicated instances, like when a defendant is sentenced in multiple cases. But the facts underlying *Hopkins*—and the backdrop of cases against which it was decided—illuminate our path.

The defendant in *Hopkins* was arrested and jailed pending trial on murder charges. The State also moved to revoke Hopkins' probation in an earlier theft case, and he was held in jail awaiting disposition on that case. New charges were added after Hopkins unsuccessfully attempted to escape jail and flee. Hopkins spent 572 days in jail while these cases were pending. Eventually, Hopkins negotiated a plea deal with the State. Hopkins agreed to plead guilty to two counts of premeditated first-degree murder; the State dismissed the probation revocation on the theft case and other pending charges. The

5

district court ordered him to serve two concurrent sentences of lifetime imprisonment without the possibility of parole for 50 years.

At sentencing, Hopkins requested credit for the jail time he spent incarcerated awaiting resolution of these various cases. The district court denied Hopkins' request based on Kansas Supreme Court caselaw, as Hopkins had not been held *solely* on the murder charges. The result was that Hopkins would receive no credit toward his sentence for the year and a half he had spent in jail.

On appeal, the Kansas Supreme Court held that Hopkins was entitled to credit against his murder sentences for all the time Hopkins spent in jail before sentencing. In so holding, the court specifically overruled the precedent established by *Campbell* and its progeny. After conducting a cursory statutory analysis, the *Hopkins* court concluded that Hopkins was entitled to 572 days of jail time credit—which corresponded to the entire time Hopkins spent in jail before sentencing—even though Hopkins was being held for other charges besides the murder charges. 317 Kan. at 659. The court held that "[u]nder the obvious and plain meaning of the words chosen by the Legislature, a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." 317 Kan. at 657.

While this rule was simple to apply in a case like *Hopkins*—where there was a sentence imposed in only one case and that sentence involved concurrent prison terms—it is less straightforward in situations like the one now before us. Feikert was being held in jail while multiple criminal cases were pending. He was convicted and received prison sentences in two of those cases. And the district court ordered him to serve those two prison sentences consecutively. *Hopkins* does not articulate a clear method for determining jail credit in multiple cases where consecutive sentences are imposed.

But other caselaw helps fill this gap. For example, in *State v. Lofton*, 272 Kan. 216, 32 P.3d 711 (2001), the court held that a defendant who receives consecutive prison sentences is only entitled to credit toward one of those sentences—not both. There, the district court imposed two consecutive life sentences and another consecutive 6-month sentence. Lofton argued on appeal that his jail credits had been improperly computed because "the 7 months and 2 days he spent in jail awaiting trial on these charges should have been credited to the sentence imposed on *each* of the two felonies, for a total of 14 months and 4 days credit on his aggregate prison sentences." 272 Kan. at 216. The Supreme Court rejected this argument, finding that the previous codification of the jail-credit statute did not support the defendant's contention that he was "entitled to jail time credit on his aggregate sentence for twice the number of days he was actually incarcerated." 272 Kan. at 218. *Lofton* was a single sentence case, but it nevertheless illustrates a common-sense rule that a defendant should receive one day of credit—not multiple days—toward a controlling prison sentence for every day spent in jail.

The Kansas Supreme Court recently reaffirmed its prohibition against duplicative credit in *State v. Davis*, 312 Kan. 259, 288, 474 P.3d 722 (2020), which involved consecutive sentences in multiple cases—analogous to Feikert's situation. In *Davis*, the district court ordered Davis to serve a hard 25 life sentence and other consecutive sentences totaling 86 months in prison. These sentences ran consecutive to sentences imposed in two other cases.

Davis argued on appeal that he should be given credit for 599 days he spent in jail awaiting sentencing. The district court denied Davis' request because "the 599 days were awarded as jail credit against another case's sentence, to which the sentence in this case would run consecutive." 312 Kan. at 288. And the Supreme Court affirmed that decision, explaining that "if consecutive sentences are imposed in separate cases, the defendant is still only entitled to a single day of jail time credit for each day spent in jail." 312 Kan. at 287. In other words, "'[j]ail credit awarded in two cases for the same dates can only be

7

counted once when sentences are run consecutively.'" 312 Kan. at 287. Thus, once jail credit "has already been 'used up'" by one sentence, it cannot be applied to another consecutive sentence. 312 Kan. at 288.

Nothing in *Hopkins* suggests that the Kansas Supreme Court intended that decision to modify *Davis*' rule that prohibits duplicative credit in instances where a defendant receives consecutive sentences in multiple cases.

Nor do Kansas statutes demand otherwise. K.S.A. 2022 Supp. 21-6615(a) requires courts to calculate sentences with an "allowance for the time which the defendant has spent incarcerated." Accord Black's Law Dictionary 96 (11th ed. 2019) (defining an "allowance" as a "share or portion . . . that is assigned or granted"). As the Supreme Court explained in *Hopkins*, this allowance statutorily entitles a defendant in a criminal case to reduce the amount of time they spend in prison by an equivalent amount of time they spent in jail before the prison sentence was imposed. It does not mean that a defendant is entitled to a duplicative credit for time spent in jail awaiting disposition of criminal charges against multiple cases. Such a rule would defy common sense, as it would grant a windfall to defendants who commit multiple offenses in separate cases. Accord *State v. Keel*, 302 Kan. 560, 574, 357 P.3d 251 (2015) (courts construe statutes to avoid unreasonable or absurd results).

Before closing, we pause to note that today's holding is consistent with the legislature's recent amendment to K.S.A. 21-6615, which took effect upon publication in the Kansas Register on May 23, 2024. See K.S.A. 21-6615, as amended by L. 2024, ch. 96, §§ 7, 13. The amended statute states that a person's release date must be determined based on "an allowance for the time that the defendant has spent incarcerated pending of the disposition of the defendant's case," and—consistent with *Hopkins*—a defendant is "entitled to have credit applied for each day spent incarcerated." K.S.A. 21-6615(a)(1) (amended 2024). The statute further clarifies—consistent with our holding here—that

courts should not include in that calculation "[a]ny time awarded as credit in another case when consecutive sentences are imposed on a defendant." K.S.A. 21-6615(a)(2)(A) (amended 2024).

No one argues that these statutory amendments apply here. But the amendments are consistent with our ruling under K.S.A. 2022 Supp. 21-6615(a) and Kansas Supreme Court caselaw that a defendant is not entitled to duplicative jail credit toward consecutive prison sentences imposed in multiple cases. Thus, Feikert is not entitled to a duplicative allowance for the jail credit already applied in a separate case. We affirm the district court's judgment.

Affirmed.