NOT DESIGNATED FOR PUBLICATION

No. 126,647

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KELVIN STACY MINER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; THOMAS DREES, judge. Submitted without oral argument. Opinion filed October 11, 2024. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., GREEN and SCHROEDER, JJ.

PER CURIAM:  Kelvin Stacy Miner appeals his sentence following his conviction of possession of methamphetamine with intent to distribute. Miner argues that he should receive another 217 days of jail credit for time he was incarcerated pending disposition of this case. But the district court, which granted him 82 days of jail credit in this case, had awarded him that 217 days of jail credit on his sentence in another case that was run consecutive to this one. We reject Miner's claim because under K.S.A. 21-6615(a) and Kansas Supreme Court caselaw, a defendant has no right to receive duplicative jail credit toward consecutive prison sentences imposed in multiple cases.

1

FACTUAL AND PROCEDURAL BACKGROUND

On July 15, 2022, the State charged Miner in Ellis County with one count of possession of methamphetamine with intent to distribute, one count of use of a communication facility for drug transactions, and one drug tax stamp violation, for crimes committed in March 2022. Miner agreed to plead no contest to the possession charge in exchange for the State amending the count from a severity level 1 to a severity level 3 drug felony and dismissing the remaining charges. The State also agreed not to pursue charges against Miner's wife and permitted Miner to seek a durational departure at sentencing.

After Miner entered his plea, he was transported to Pawnee County on another case in which he was charged with possession of methamphetamine with intent to distribute. The journal entry of his plea in Ellis County noted that Miner would return for sentencing after resolving the Pawnee County case. In Pawnee County, Miner received a downward departure sentence of 59 months' imprisonment. He received jail credit for the time he was incarcerated in Pawnee County—from November 9, 2022, through June 15, 2023—although both cases were pending during that time. Miner was transported back to Ellis County after his Pawnee County case was completed.

Miner moved for a durational departure in Ellis County, citing his limited recent criminal history and his substance abuse issues. At the sentencing hearing on June 28, 2023, Miner argued for a durational departure sentence to be served concurrently with the Pawnee County sentence. The district court granted Miner a durational departure of 37 months' imprisonment but ordered him to serve the sentence consecutive to the sentence in Pawnee County. The district court awarded Miner 69 days of jail credit from September 2, 2022, to November 9, 2022, for the time he was incarcerated in Ellis County before being transported to Pawnee County. It also awarded Miner 13 days of jail credit from June 16, 2023, to June 28, 2023, for the time he was incarcerated in Ellis

County after his return from Pawnee County, for a total of 82 days. Miner's attorney confirmed that was the correct award of jail credit. Miner timely appealed his sentence.

DID THE DISTRICT COURT ERR IN FAILING TO AWARD MINER ANOTHER 217 DAYS OF JAIL CREDIT THAT HE HAD BEEN CREDITED IN ANOTHER CASE?

Miner's only claim on appeal is that he should receive jail credit in the Ellis County case for the number of days he was incarcerated in Pawnee County, which he computes as 217 days, even though he received credit for these same days in his Pawnee County sentence. He argues this result is required under the Kansas Supreme Court's recent decision in *State v. Hopkins*, 317 Kan. 652, 657, 537 P.3d 845 (2023). The State disagrees and asserts that Miner is improperly seeking duplicative jail credit.

Miner makes this claim for the first time on appeal. But we will address the claim because it involves only a question of law arising on undisputed facts and our record permits meaningful consideration of the issue. See *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). And if Miner's claim is correct, he is serving an illegal sentence which may be corrected at any time while Miner is serving the sentence. K.S.A. 22-3504(a).

The right to jail time credit in Kansas is governed by K.S.A. 21-6615(a). The statute provides:

"In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 21-6615(a)(1).

3

Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022). For decades, the Kansas Supreme Court interpreted the statute to mean that defendants could only receive jail credit when they were being held *solely* on the crime charged. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019); *Campbell v. State*, 223 Kan. 528, 528-31, 575 P.2d 524 (1978). But the Kansas Supreme Court overruled this precedent in *Hopkins*. Hopkins spent 572 days in jail pending disposition of first-degree murder charges. He was denied any jail credit at sentencing in the homicide case because he was being held during the same time in another case on a probation violation that was later withdrawn and in another case on new charges that were later dismissed. The *Hopkins* court explained that although the precedent was initially intended to prevent duplicative credit, it had evolved to create inequitable situations untethered to the statute's language, where criminal defendants being held in jail for multiple cases would not receive jail credit in *any* of their cases. 317 Kan. at 657-59. The court reversed course and held:

> "Today, we reject the *Campbell* rule in favor of interpreting the statute as it is written, i.e., as requiring the sentencing court to give a defendant 'an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.' K.S.A. 2022 Supp. 21-6615(a). Under the obvious and plain meaning of the words chosen by the Legislature, a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." *Hopkins*, 317 Kan. at 657.

While the rule in *Hopkins* is straightforward, it does not address scenarios such as Miner's, where a defendant is ordered to serve consecutive sentences in multiple cases. But since *Hopkins* was decided, panels of this court have addressed this exact issue and found that a defendant ordered to serve consecutive sentences in multiple cases should receive one day of credit toward their total controlling prison sentence for each day they spent in jail while the cases were pending—that is, a defendant cannot receive duplicative jail credit toward each of their consecutive sentences. See *State v. Feikert*, 64 Kan. App.

4

2d 503, Syl. ¶ 2, 553 P.3d 344 (2024); *State v. Gutierrez*, No. 125,073, 2024 WL 1338948, at *3 (Kan. App. 2024) (unpublished opinion) (Malone, J., concurring).

As noted in *Feikert*, in *State v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2001), the Kansas Supreme Court "held that a defendant who receives consecutive prison sentences is only entitled to credit toward one of those sentences—not both." *Feikert*, 64 Kan. App. 2d at 508. Miner's argument on appeal runs directly against *Lofton*'s common-sense rule that a defendant should receive one day of credit—not multiple days—toward a controlling prison sentence for every day spent in jail. *Lofton*, 272 Kan. at 217-18 (finding "K.S.A. 21-4614 [predecessor to K.S.A. 21-6615] contains no provision for credit in excess of the time an individual is actually incarcerated in jail").

Next, in *State v. Davis*, 312 Kan. 259, 287, 474 P.3d 722 (2020), which involved consecutive sentences in multiple cases, our Supreme Court stated that "when consecutive sentences are imposed for multiple crimes the defendant's time in custody can only be awarded against one of the sentences." In other words, once jail credit is counted against one sentence, it cannot be applied to another, consecutive sentence. 312 Kan. at 288. As the *Feikert* court explained: "Nothing in *Hopkins* suggests that the Kansas Supreme Court intended that decision to modify *Davis*' rule that prohibits duplicative credit in instances where a defendant receives consecutive sentences in multiple cases." *Feikert*, 64 Kan. App. 2d at 509.

Miner argues that "[t]his Court has applied this clear-cut rule in *Hopkins* to award jail time credit where it previously would not have been awarded" and cites *State v. Brown*, No. 125,797, 2023 WL 8521389, at *3 (Kan. App. 2023) (unpublished opinion), and *State v. Breese*, No. 125,837, 2023 WL 8520792, at *3 (Kan. App. 2023) (unpublished opinion). But these cases do not squarely address the situation where the defendant received consecutive sentences in multiple cases and do not discuss *Davis* and

*Lofton*. We adopt the well-reasoned analysis in *Feikert* finding that a defendant shall not receive duplicative jail credit toward consecutive sentences imposed in multiple cases.

Although not relevant to this appeal, we note that the holding in *Feikert* is consistent with the recent amendments to K.S.A. 21-6615, which took effect on publication in the Kansas Register on May 23, 2024. See K.S.A. 21-6615, as amended by L. 2024, ch. 96, §§ 7, 13. As the *Feikert* panel explained:

> "The amended statute states that a person's release date must be determined based on 'an allowance for the time that the defendant has spent incarcerated pending of the disposition of the defendant's case,' and—consistent with *Hopkins*—a defendant is 'entitled to have credit applied for each day spent incarcerated.' K.S.A. 21-6615(a)(1) (amended 2024). The statute further clarifies—consistent with our holding here—that courts should not include in that calculation '[a]ny time awarded as credit in another case when consecutive sentences are imposed on a defendant.' K.S.A. 21-6615(a)(2)(A) (amended 2024)." 64 Kan. App. 2d at 509.

In sum, Miner asserts that he was incarcerated from September 2, 2022, to his sentencing on June 28, 2023, and he should receive credit for all the time he served in jail pending the disposition of this case. He properly received this credit. The district court awarded Miner 69 days of jail credit from September 2, 2022, to November 9, 2022, for the time he was incarcerated in Ellis County before being transported to Pawnee County. It also awarded Miner 13 days of jail credit from June 16, 2023, to June 28, 2023, for the time he was incarcerated in Ellis County after his return from Pawnee County, for a total of 82 days. As for the time Miner was incarcerated in Pawnee County from November 9, 2022, through June 15, 2023, he received credit for these days toward to his consecutive Pawnee County sentence. Miner received one day of jail credit for every day he served in jail pending disposition of the two cases. It would make no sense for Miner to receive another 217 days of jail credit in his Ellis County case for the days he was incarcerated in

6

Pawnee County which were applied to his consecutive sentence in that case, and nothing in either K.S.A. 21-6615(a) or *Hopkins* requires that result.

Affirmed.