NOT DESIGNATED FOR PUBLICATION

Nos. 127,241
127,242

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MIKAYLA WHEELER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed January 3, 2025. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM:  Mikayla Wheeler appeals the district court's denial of her request for jail time credit towards these consolidated cases. Yet the record on appeal reflects that Wheeler has already received the jail credit that she seeks in previous cases that are all involved in this appeal. Moreover, her sentences all run consecutive to one another. Although Wheeler is entitled to receive credit for each day she spent in jail, she is not entitled to receive multiple jail credit toward consecutive sentences imposed in multiple cases. Thus, we affirm the district court.

1

FACTS

On July 27, 2023, Wheeler was charged in Sedgwick County case No. 23-CR-1614 with violating the requirements of offender registration and in case No. 23-CR-1615 she was charged with aggravated escape from custody in separate complaints. About four months later, she pled guilty to both charges. In addition, Wheeler acknowledged that she had violated her probation in an earlier case in which she had been convicted of aggravated assault.

The district court held a combined sentencing and probation revocation dispositional hearing on January 4, 2024. At the hearing, the district court revoked Wheeler's probation in the prior case and ordered her to serve a modified sentence of 12 months. In her two new cases, the district court sentenced her to a controlling sentence of 25 months to run consecutive to the sentence in her prior case. In the journal entry, the district court granted Wheeler 131 days of jail time credit in case No. 21-CR-2606 but did not give her any jail credit in case No. 23-CR-1614 or in case No. 23-CR-1615.

Thereafter, Wheeler filed a timely notice of appeal from her sentencing in the cases filed in 2023, and we consolidated them into this appeal.

ANALYSIS

The sole issue presented on appeal is whether Wheeler is entitled to also receive the 131 days of jail time credit she already received in case No. 21-CR-2606 towards case No. 23-CR-1614 and case No. 23-CR-1615. Wheeler contends that the jail credit should be given—in each of her cases—in light of the Kansas Supreme Court's decision in *Hopkins v. State*, 317 Kan. 652, 537 P.3d 845 (2023). Because this issue involves a question of law and the material facts are undisputed, our review is unlimited. See *State v. Davis*, 312 Kan. 259, 267, 474 P.3d 722 (2020); see also *State v. Brown*, 38 Kan. App.

2d 490, 491, 167 P.3d 367 (2007) (interpretation of a jail credit statute is a question of law).

As the parties are aware, jail credit is governed by K.S.A. 21-6615(a), which states:

"In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.*" (Emphasis added.)

In *Hopkins*, our Supreme Court appropriately abrogated the judicially created "held solely" rule that interpreted K.S.A. 21-6615(a) to mean that if defendants were being held in pretrial detention—in more than one case—they would not receive jail time credit in any case. 317 Kan. at 656-57. But the facts in *Hopkins* are significantly different from the facts here. In *Hopkins*, the defendant only had one pending case. But here, Wheeler has three pending cases.

Post *Hopkins*, the rule is now consistent with the plain language of the statute providing that a defendant is entitled to one day of jail time credit for each day spent in pretrial detention. But *Hopkins* simply does not address how that rule should be applied when a defendant has multiple pending cases, at the time of sentencing. So, we do not find that *Hopkins* requires that Wheeler receive the same jail credit in multiple cases for the time she served in pretrial detention. Rather, she is simply entitled to credit for each day she spent in jail. Here, the district court gave her all of the jail credit she was entitled

3

to in case No. 21-CR-2606 and it could not apply toward her consecutive sentences in case No. 23-CR-1614 and case No. 23-CR-1615.

Further, we find the rationale set forth in *State v. Feikert*, 64 Kan. App. 2d 503, 508, 553 P.3d 344 (2024), *petition for rev. filed* August 12, 2024, to be persuasive and consistent with our holding in this appeal. In *Feikert*, a panel of our court held that "a defendant is not entitled to duplicative jail credit toward consecutive prison sentences imposed in multiple cases." 64 Kan. App. 2d at 510. We find this holding to be based on the correct reading of statute and to be consistent with our Supreme Court's decision in *Hopkins*.

In *Feikert*, the panel found that a "defendant who receives consecutive prison sentences is only entitled to credit towards one of those sentences–not both." 64 Kan. App. 2d at 508 (citing *State v. Lofton*, 272 Kan. 216, 32 P.3d 711 [2001]). In other words, once defendants receive jail credit for the days served in pretrial detention toward the sentence in one case, they cannot receive credit for the same days toward a consecutive sentence in multiple cases. 64 Kan. App. 2d at 509. Further, we agree with the *Feikert* panel's conclusion that "[n]othing in *Hopkins* suggests that the Kansas Supreme Court intended that decision to modify [the] rule that prohibits duplicative credit in instances where a defendant receives consecutive sentences in multiple cases." 64 Kan. App. 2d at 509 (citing *State v. Davis,* 312 Kan. 259, 287, 474 P.3d 722 [2020]).

Like the *Feikert* panel, we also find that this holding is consistent with prior caselaw. And we also find it consistent with the Kansas Legislature's 2024 amendment to K.S.A. 21-6615, which took effect on May 23, 2024. See L. 2024, ch. 96, § 7. Although Wheeler asserts that the 2024 amendment to K.S.A. 21-6615 does not apply to this appeal, the State does not contend that it applies either. As such, Wheeler's arguments—related to the 2024 amendment to K.S.A. 21-6615—are moot and play no role in our analysis of the limited issue presented on appeal.

In summary, we find that the district court properly gave Wheeler jail credit in case No. 21-CR-2606 for the 131 days she spent in pretrial detention. We further find that Wheeler is not entitled to multiple jail credit towards her consecutive prison sentences imposed in case No. 23-CR-1614 or case No. 23-CR-1615. Accordingly, we affirm the district court's judgment.

Affirmed.