NOT DESIGNATED FOR PUBLICATION

No. 128,579

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW JOHN BEESON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed November 14, 2025. Sentence vacated in part and case remanded with directions.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., COBLE, J., and SEAN M.A. HATFIELD, District Judge, assigned.

PER CURIAM: Matthew John Beeson appeals his sentence for his conviction of driving under the influence of alcohol (DUI), raising only a jail time credit issue. We granted Beeson's amended motion for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State has filed no response. Beeson is correct—he should receive additional jail time credit, so we remand this case to the district court with directions to award jail time credit consistent with this opinion.

FACTUAL AND PROCEDURAL HISTORY

In July 2023, Beeson pled no contest to one count of felony DUI, fourth or subsequent conviction. The presentence investigation report showed that Beeson had been in custody for 188 days pending disposition of the case, and neither party is disputing the accuracy of that calculation. On September 7, 2023, the district court sentenced Beeson to a presumptive prison sentence of 46 months with 24 months' postrelease supervision. The district court awarded him no jail time credit because his offense occurred while he was under supervision in two other cases from different counties, and his sentence was to run consecutive to those sentences.

Beeson appealed, arguing that the district court erred in calculating his jail time credit. This court agreed, vacated his sentence, and remanded with directions to reevaluate his award of jail time credit under *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023). *State v. Beeson*, No. 126,887, 2024 WL 3912942 (Kan. App. 2024) (unpublished opinion). In remanding the case, the panel noted that it could not "determine whether the risk of granting duplicative jail credit exists" because the record did not demonstrate whether any of Beeson's potential 188 days of jail time credit had been awarded in his two other cases. 2024 WL 3912942, at *3.

On remand, Beeson and the State agreed that a portion of the 188 days of jail time credit had already been awarded in another case and Beeson asked the district court to award 20 days of jail time credit, which represented the remaining time that had not been awarded toward his sentences in the other cases. Beeson also asked the district court to perform a full resentencing, but the district court declined to do so, reiterating Beeson's sentence was 46 months' imprisonment. The district court addressed the jail time credit issue and awarded Beeson 20 days of jail time credit. Beeson timely appealed.

The sole issue presented in Beeson's amended motion for summary disposition is whether he should have received duplicative jail time credit against his sentence. Beeson points out that after the district court resentenced him and while his current appeal was pending, the Kansas Supreme Court issued its opinion in *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025), holding that K.S.A. 21-6615(a) allows a jail time credit for all time a defendant is incarcerated pending the disposition of a case, regardless of whether the defendant received a credit for some or all of that time against a sentence in another case. As a result of the holding in *Ervin*, Beeson now asserts that he should be awarded 188 days of jail time credit in his case on appeal.

Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). Beeson's right to jail time credit is controlled by K.S.A. 21-6615(a), which provides:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established *to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case*." (Emphasis added.)

Under the Kansas Supreme Court's interpretation of K.S.A. 21-6615(a) in *Ervin*, a district court must award jail credit for all time a defendant spent incarcerated pending the disposition of their case even if they also received credit for some or all that time against a sentence in another case or cases. 320 Kan. at 311-12. The holding in *Ervin* implicitly overruled prior Kansas Supreme Court decisions interpreting nearly identical

statutory language on jail credit. See *State v. Davis*, 312 Kan. 259, 287, 474 P.3d 722 (2020); *State v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2001). It is a longstanding rule that in a direct appeal, a defendant will receive the benefit of any change in the law that occurs while the direct appeal is pending. *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019). This proceeding is still Beeson's direct sentencing appeal.

So Beeson is correct—he should receive 188 days of jail time credit toward his sentence for his DUI conviction because that is how long he was incarcerated pending disposition of the case, even though he may have received a credit for some or all of that time against a sentence in another case. The district court erred in awarding Beeson only 20 days of jail time credit. Thus, we vacate the district court's jail time credit order and remand this case to the district court to award Beeson 188 days of jail time credit toward his sentence for his DUI conviction, consistent with the holding in *Ervin*.

Sentence vacated in part and case remanded with directions.