No. 48,718

Randall L. Campbell, *Appellant*, v. State of Kansas, *Appellee.*

(575 P.2d 524)

Opinion filed February 25, 1978.

*Randall H. McEwen,* of Hutchinson, was on the brief for the appellant.
No appearance by the appellee.

The opinion of the court was delivered by

Miller, J.: Randall L. Campbell appeals from an order of the Reno District Court, denying his motion for relief under K.S.A. 60-1507. Stated simply, his complaint is that at the time of sentencing, the Reno District Court erred in failing to give him credit for time he spent in the Barton County jail. The facts are as follows:

August 29, 1975      Campbell pled guilty in the Reno District Court to a charge of second possession of marihuana, Case No. 9844. Pursuant to K.S.A. 21-4614, the sentencing judge fixed August 29, 1975, as the date on which the sentence imposed was to begin. Campbell was placed on probation.

October 6, 1975      A new complaint was filed in Reno County, Case No. 9957, charging Campbell with burglary and felony theft. A warrant was issued.

October 7, 1975      Barton County authorities arrested Campbell on drug charges arising in that county. Campbell was not released, and remained in custody in Barton County until December 19, 1975.

December 19, 1975 Campbell pled guilty to five felony counts in Barton District Court. He was sentenced to concurrent two-year terms, and, according to

statements of counsel made in oral argument before us, the sentencing judge fixed October 7, 1975, as the date on which the sentence was to begin. Campbell was then turned over to Reno County authorities.

December 29, 1975 Campbell pled guilty in Reno District Court, Case No. 9957, to burglary and felony theft. After the allocution, Campbell was sentenced to concurrent terms of two to ten years, these sentences to be served concurrently with "any other sentence he is now serving." The sentencing judge fixed December 19, 1975, as the date on which those sentences were to begin. The judge also revoked the probation granted in Case No. 9844.

Campbell claims that when he was arrested in Barton County, the sheriff either "had or had knowledge of" the outstanding Reno County warrant. He contends that under K.S.A. 21-4614, he is entitled to credit on the Reno County sentences, imposed on December 29, 1975, for all time he served in the Barton County jail.

The statute reads as follows:

K.S.A. 21-4614. "In any criminal action in which the defendant is convicted upon a plea of guilty or trial by court or jury, the judge, if he sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and his parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the journal entry of conviction, such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent in jail pending the disposition of the defendant's case. In recording the commencing date of such sentence the date as specifically set forth by the court in the journal entry of conviction shall be used as the date of sentence and all good time allowances as are authorized by the Kansas adult authority are to be allowed on such sentence from such date as though the defendant were actually incarcerated in any of the institutions of the state correctional system. Such jail time credit is not to be considered to reduce the minimum or maximum terms of confinement as are authorized by law for the offense of which the defendant has been convicted."

The language which is important here is the phrase, ". . . the time which the defendant has spent in jail pending the disposition of the defendant's case." In *State v. Mackley,* 220

Kan. 518, 552 P.2d 628, we held that the physical place of confinement was not important, and that under the statute a defendant was entitled to credit not only for time spent in the jail of the county where the charge was pending, but also for time spent in hospitals where he underwent court-ordered mental examinations. The rationale of *Mackley* would require credit for jail time regardless of the location of the place of confinement, when the custody was a direct result of the pending charges.

The Kansas Court of Appeals has twice considered the import of this statute. In *State v. Thorn*, 1 Kan. App. 2d 460, 570 P.2d 1100, the court held that the defendant was entitled to credit for time spent in custody under order of the juvenile court while awaiting an "amenability" hearing, and for time later spent in jail in another jurisdiction while awaiting return to Kansas for trial. The court noted, however, that defendant was at all times being held *solely* upon the charge for which he was sentenced. In *Thorn*, the court also held that probation, later revoked, did not deprive a defendant of credit for time spent in custody prior to the grant of probation. At pages 462-463, the court said:

"The 1973 amendment making the jail time credit provisions mandatory rather than discretionary discloses legislative intent to give criminal defendants sentenced to incarceration credit for all time spent in custody *on the charge* for which they are sentenced. . . ."

In a habeas action, *Brodie v. State*, 1 Kan. App. 2d 540, 571 P.2d 53, an escaped Kansas prisoner sought credit on his original sentence for second-degree murder, and on a subsequent sentence for escape, for the time he was in custody in the state of California. The Court of Appeals held that he was not entitled to credit on his original sentence, since his California custody was based upon separate and distinct charges; but the court remanded the case to the district court for a determination of whether any portion of petitioner's California custody was based *solely* on the escape charge then pending against him in Kansas, holding that he would be entitled to credit (1) if he was held at any time in California *solely* on the Kansas charge, (2) if he was not released on bond, and (3) if he was prosecuted and sentenced on the escape charge following his return to this jurisdiction.

We agree with the Court of Appeals' interpretation of K.S.A. 21-4614, quoted above. Under that section a defendant should be given credit by the sentencing court for each day spent in jail

solely on account of the pending charge, for which the prisoner is later sentenced. But the record before us does not show that Campbell was held in Barton County on the burglary and theft charges. According to his motion, the record, and the brief, he was arrested in Barton County *on drug charges.* He was held on those charges until they were disposed of on December 19, 1975, and he was credited for jail time in the sentence pronounced on that date. Though burglary and theft charges, and a charge of violation of probation, were pending against him in Reno County, he was not held in custody in Barton County solely or as a direct result of those charges.

We have examined the various arguments advanced by defendant, but do not find them persuasive. He argues, in effect, that had the Barton County charges been dismissed, the time he spent in the Barton County jail would be "dead time." That is not the situation before us. Campbell has been convicted and sentenced on the Barton County charges, and he has received credit on those sentences for all accumulated jail time.

Defendant's failure to post bond in Barton County did not affect the overall length of his sentences. He will spend a few days less in the penitentiary because of the time spent in jail, but the total time he will be in custody is not affected since he received full credit for the jail time.

The cases cited and relied upon by defendant are readily distinguishable because they involve "dead time," earlier sentences served or partially served as a result of convictions later vacated, time spent awaiting trial on charges which were dismissed, and the like. We have carefully considered the record before us and hold that Campbell has not been deprived of any constitutional or statutory rights, and that the record conclusively shows that he is entitled to no relief. Campbell is presently serving five or six sentences *concurrently.* There is no way in which he could be required to serve more than the maximum term for any sentence imposed.

The judgment is affirmed.