**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 28, 2006**

**TENTH CIRCUIT**

DALE M. DENNEY,

        Petitioner - Appellant,

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility; PHIL KLINE,
Attorney General of Kansas,

        Respondents - Appellees.

No. 06-3269

(D. Kansas)

(D.C. No. 05-CV-3012-WEB)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

Dale Michael Lloyd Denney requests a certificate of appealability (COA) to

appeal the district court's denial of his motion for relief, which the district court

construed as an application for habeas relief under 28 U.S.C. § 2241. He sought

modification of his Kansas state prison sentence, arguing that his due-process

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

rights were violated because (1) part of his sentence was not converted to a determinate sentence, (2) the Kansas Sentencing Commission failed to obey a court order requiring conversion of part of his sentence, (3) his sentence in one case should be aggregated with his sentences in two unrelated cases, and (4) Kansas failed to give him credit toward his sentence on one charge for excess time served on an unrelated charge. In this court he also raises an equal-protection claim. The district court denied a COA. We do likewise and dismiss the appeal.

## BACKGROUND

In 1987 Mr. Denney was convicted of aggravated burglary and rape, for which he received indeterminate sentences (Case A). *See State v. Denney*, 101 P.3d 1257, 1259 (Kan. 2004). He served time from January 7, 1988, until his parole on July 20, 1992. *See id.* On December 1, 1993, a jury found him guilty of the commission in October 1992 of aggravated sexual battery, aggravated criminal sodomy, and an aggravated weapons violation; he received indeterminate sentences on the convictions (Case B). *See id.* The same jury also found him guilty of aggravated criminal sodomy and aggravated sexual battery committed in July 1993 (Case C); for these crimes he received a determinate sentence of 228 months, to run consecutively to his indeterminate sentences in Case B. *See id.* In addition, Mr. Denney's parole in Case A was revoked on April 15, 1994. *See id.*

In response to a motion filed by Mr. Denney in 2001, a state trial court converted his sentence of 5 to 20 years in Case A to a determinate term of 36 months. *See id.* at 1259–60. Because Mr. Denney had already served more than 36 months on this sentence, the Kansas Department of Corrections treated this sentence as satisfied. *See id.* at 1260.

Mr. Denney then filed a motion in Kansas state court claiming entitlement to (1) a conversion to a determinate sentence for Case B and (2) credit, to be applied to his sentences in Cases B and C, for time incarcerated in Case A beyond 36 months. *Id.* The Kansas Supreme Court rejected his claims. *Id.* at 1261. In particular, the court rejected Mr. Denney's claim to credit, saying "'[a] defendant is not entitled to credit on a sentence for time which he has spent in jail upon other, distinct, and wholly unrelated charges.'" *Id.* (quoting *Campbell v. State*, 575 P.2d 524 (1978)).

Next Mr. Denney filed in the United States District Court for the District of Kansas a pleading seeking relief. The district court construed his pleading as an application under 28 U.S.C. § 2241 because it was an attack on the execution of a sentence rather than a challenge to the validity of a conviction or a sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (distinguishing claims under § 2241 and § 2254). It then denied the motion on June 23, 2006, and denied a motion for reconsideration on July 18.

**DISCUSSION**

State prisoners seeking habeas relief under § 2241 must obtain a COA to appeal the denial of an application. *See id*. at 867. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Mr. Denney's first three claims challenge the interpretation of state law by state courts. Such claims are not cognizable on federal habeas review, for "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also* 28 U.S.C. § 2241(c)(3); *Montez*, 208 F.3d at 865. We recognize that Mr. Denney asserts a violation of due process, and a pro se litigant's pleadings should be construed liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, courts should not "assume the role of advocate for the pro se litigant." *Id.* It is not for this court to make Mr. Denney's arguments for him. Mr. Denney's bare assertion that he has been denied due process, without any

-4-

explanation of the legal basis for the claim, does not amount to "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Dunn v. White*, 880 F.2d 1188, 1198 (10th Cir. 1989). Accordingly, no reasonable jurist could dispute the district court's denial of these claims.

Mr. Denney similarly fails to support his claim that he was denied due process when he was not given credit for excess time served on his Case A sentence. He cites *Meachum v. Fano*, 427 U.S. 215 (1976), but that case held only that transfer to a less desirable prison does not violate a prisoner's due-process rights when state law does not condition such a transfer on proof of specific conduct or events, *see id.* at 226–27. To the extent that *Meachum* may be relevant, we note that the Kansas Supreme Court explicitly held that Mr. Denney had no state-law right to jail-time credit for time spent in prison on unrelated charges. *See Denney*, 101 P.3d at 1261. Moreover, we are aware of no authority supporting his constitutional claim. Indeed, at least one circuit court has held to the contrary. *See Holscher v. Young*, 440 F.2d 1283, 1290 (8th Cir. 1971) ("Due process does not require that [the applicant] be credited with the time spent in prison under the prior illegal conviction of a crime unrelated to the present case."). As a result, no reasonable jurist could dispute the district court's denial of this claim.

Finally, Mr. Denney appears to raise an equal-protection claim in his application to this court. We need not consider whether this claim was presented

in district court, because it clearly fails on the merits. Mr. Denney proffers no facts and cites no cases that support his contention; he has not identified how he was treated differently from other similarly situated persons. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). A conclusory statement that he has been denied equal protection does not amount to a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Dunn*, 880 F.2d at 1198. Thus, regardless of whether the district court was presented with Mr. Denney's equal-protection claim, the claim is meritless. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) (court may deny a COA for any reason adequately supported by the record).

We DENY Mr. Denney's application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge