NOT DESIGNATED FOR PUBLICATION

No. 124,859

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EVERETT LEE MANNING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; DANIEL CAHILL, judge. Opinion filed July 22, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before GREEN, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Everett Lee Manning appeals the trial court's decision denying his motion for additional credit for time served. We granted Manning's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After reviewing the record and finding no error, we affirm.

In 2018, Manning pled no contest to, and was found guilty of, aggravated robbery, a severity level 3 person felony. The trial court granted Manning's request for a downward durational departure and sentenced Manning to serve 132 months in prison.

1

About two years later, Manning moved pro se for credit for time served. In his motion, Manning noted that, several years earlier, he spent an extra 63 months in prison on an unrelated case because of an illegal sentence that was later corrected. Manning argued that he should receive credit for the 63 months he served on the illegal sentence in his current case.

The trial court denied Manning's motion. Manning moved to have the trial court reconsider its decision. The trial court also denied the motion to reconsider.

Manning timely appealed.

Under K.S.A. 2021 Supp. 21-6615(a), trial courts may award jail credit for time served "for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." And as our Supreme Court held in *State v. Denney*, 278 Kan. 643, 648, 101 P.3d 1257 (2004), "'[a] defendant is not entitled to credit on a sentence for time which he has spent in jail upon other, distinct, and wholly unrelated charges.'" (quoting *Campbell v. State*, 223 Kan. 528, Syl. ¶ 2, 575 P.2d 524 [1978]).

Because Manning's previous case was distinct and wholly unrelated to his crime of conviction in this case, the trial court did not err by denying his motion for credit for time served. Thus, the time Manning spent in prison because of an illegal sentence cannot be applied to sentences ordered in other cases, such as his current case of imprisonment.

Affirmed.