NOT DESIGNATED FOR PUBLICATION

No. 125,073

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LORENA GUTIERREZ,
*Appellant*.


MEMORANDUM OPINION

Appeal from Finney District Court; CHRISTOPHER D. SANDERS, judge. Submitted without oral argument. Opinion on remand filed March 29, 2024. Sentence vacated and case remanded with directions.

*Jacob Nowak* and *Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Isaac LeBlanc*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before MALONE, P.J., GREEN and ISHERWOOD, JJ.


PER CURIAM:  This case returns to us on remand from the Kansas Supreme Court. We previously issued our opinion in this matter on September 8, 2023, *State v. Gutierrez*, No. 125, 073, 2023 WL 5811608 (Kan. App. 2023) (unpublished opinion), and affirmed the district court's jail credit calculation because it aligned with the "solely on account of" manner of assessment articulated in *Campbell v. State*, 223 Kan. 528, 528-31, 575 P.2d 524 (1978). Gutierrez filed a petition for review and while that matter was pending, the Supreme Court issued its opinion in *State v. Hopkins*, 317 Kan. 652, 652, 537 P.3d 845 (2023), which overruled *Campbell*, because an award of jail time credit "is not limited to

1

time spent 'solely' in custody for the charge for which the defendant is being sentenced." Rather, the plain language of K.S.A. 2022 Supp. 21-6615 mandates that defendants receive credit for *all* time spent in custody pending disposition of his or her case. The court's ruling in *Hopkins* demands that Gutierrez' case be reversed and remanded so that the district court can award her credit in her KORA case for the entire 167 days she spent in custody awaiting disposition of that case. Finally, consistent with our initial opinion issued in this case, because the district court failed to provide an explanation on the record which detailed how it weighed the required factors for a BIDS attorney fee assessment, that order must be vacated.

FACTUAL AND PROCEDURAL BACKGROUND

Gutierrez originally brought her case before us to resolve what she perceived to be a jail credit related injustice. To briefly recap, a dispute arose in the district court concerning the jail credit to which Guitierrez was entitled following her no-contest plea to a KORA violation. The terms of that plea agreement extended beyond Gutierrez' KORA offense to also include the State's dismissal of a felony theft charged in a different case and the termination of Gutierrez' probation as unsuccessful in yet a third case.

At sentencing, Gutierrez' counsel advocated for jail credit totaling 167 days. The State disputed the accuracy of that calculation and asserted Gutierrez was only entitled to credit for the 37 days she was in custody between her plea hearing and sentencing because any days preceding that block of time were attributable to the probation violation she was held on in an unrelated case. In further support of its position, the State directed the district court's attention to the special rule which mandated that Gutierrez serve her sentence for the KORA violation consecutive to that case linked to the probation violation. According to the State, if Gutierrez received jail credit in the KORA case for days that actually aligned with the probation matter, it would undermine the intent of the special rule.

2

The district court found the State's argument compelling. In following that lead, the judge explained that because the special rule designated the probation matter as first in time for sentencing, it was likewise the first case to which jail credit should be assigned. According to the district court, the fact Gutierrez' probation in that case was terminated as unsuccessful was of no moment, it remained the appropriate first stop for purposes of jail credit calculation. Thus, it assigned 130 days of credit to that case and the remaining 37 to Gutierrez' KORA case.

Gutierrez sought a more favorable outcome from our court, but we declined to find error in the district court's calculation. We instead followed our Supreme Court's decision in *Campbell*, 223 Kan. 528, and affirmed the decision of the district court under the theory that Gutierrez was not held in custody solely on account of her KORA case until that window of time between the entry of her plea and imposition of sentence. Thus, she was not entitled to receive jail credit for any days that fell outside those boundaries. *Gutierrez*, 2023 WL 5811608, at *2-4. We acknowledged that because her probation case was later terminated this manner of calculation unfortunately amounted to a loss of "'dead time.'" *Gutierrez*, 2023 WL 5811608, at *4.

Gutierrez petitioned our Supreme Court for review and while that petition was pending, the court issued its decision in *Hopkins*, 317 Kan. 652. The *Hopkins* court overruled the decades long "solely on account of" rule espoused in *Campbell* upon finding that it lacked any statutory or legislative foundation. Rather, "the plain meaning" of the language chosen by the Legislature in drafting K.S.A. 2022 Supp. 21-6615(a), indicated that "a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." *Hopkins*, 317 Kan. at 657. As a result, the Kansas Supreme Court summarily vacated our opinion in Gutierrez' case and remanded the matter to us for reconsideration of her jail credit in light of its decision in *Hopkins*.

3

We requested supplemental briefing from the parties to afford them the opportunity to analyze the *Hopkins* ruling in the context of Gutierrez' case. Following receipt of those additional resources, we conducted a thorough review of Gutierrez' case utilizing the new analytical framework articulated in *Hopkins*.

LEGAL ANALYSIS

*The district court failed to award Gutierrez the full amount of jail credit to which she was entitled.*

The right to jail time credit in Kansas is statutory, thus we exercise unlimited review in our assessment of the days Guiterrez is entitled to. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). The most fundamental rule of statutory construction is that the intent of the Legislature governs where that intent can be ascertained through an analysis of the plain language of the provision, giving common words their ordinary meaning. *State v. Busch*, 317 Kan. 308, 311, 528 P.3d 560 (2023).

The 2023 *Hopkins* court performed this heavy-lifting and clarified that, as written, K.S.A. 2022 Supp. 21-6615(a) requires sentencing courts "to give a defendant 'an allowance for the time which the defendant has spent incarcerated pending the disposition of [their] case'" 317 Kan. at 657. In so doing, the court cleared the decades long fog borne of the "solely on account of" court-made rule which gave rise to "confusion, difficulty, and inconsistency" in the application of jail credit. 317 Kan. at 652.

In that case, Hopkins agreed to enter a plea to two counts of first-degree premeditated murder that he was charged with in Cherokee County. In exchange, the State agreed to dismiss escape charges associated with that case, withdraw its pending motion to revoke Hopkins' probation in an unrelated case, and dismiss an additional case he had pending in Labette County. In short, Hopkins clearly had a myriad of matters pending, which prompted the district court to undertake the "solely on account of"

4

analysis. It ultimately concluded that because Hopkins had other cases pending leading up to the plea, the law did not entitle him to receive any credit for time served. On review, the Supreme Court disagreed and found that "[u]nder the obvious and plain meaning of the words chosen by the Legislature, a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." 317 Kan. at 657. Thus, because Hopkins spent 572 days in jail while his murder case was pending, the law demanded that he receive that precise amount of credit against his hard 50 sentences. 317 Kan. at 659.

Gutierrez' case presents in a nearly identical way. That is, she entered into a plea agreement that encompassed all three of her pending cases and contemplated the dismissal of an unrelated theft case, as well as the termination of her probation as unsuccessful in a third case. The existence of that trifecta created the all too familiar jail credit conundrum with respect to the 167 days Gutierrez spent in custody. The district court ultimately only granted her 37 days, finding that the remaining 130 days were attributable to her probation case, despite the fact that case was terminated and essentially rendered that credit dead time.

*Hopkins* makes clear that this type of calculation was erroneous and cannot be permitted to stand. Rather, that 130 days should have been assigned to Gutierrez' KORA violation alongside the other 37 days she received given that total of 167 days accounted for the entire time she spent in custody awaiting disposition of her KORA case. In its supplemental brief, the State concedes that is the appropriate resolution to this matter in the wake of *Hopkins*. Accordingly, we reverse Gutierrez' case and remand it to the district court with directions to assign the entire 167 days Gutierrez spent in custody awaiting the conclusion of her case as jail credit toward the sentence imposed for her KORA violation.

*The district court failed to make the necessary statutory findings prior to ordering Gutierrez to pay BIDS attorney fees.*

In the opening briefing, Gutierrez also challenged the district court's assessment of BIDS attorney fees at sentencing. She specifically argued that the district failed to explicitly consider her financial resources and the burden such payment would impose as required by K.S.A. 22-4513(b) and *State v. Robinson*, 281 Kan. 538, Syl. ¶ 1, 132 P.3d 934 (2006). The State joined in Gutierrez' assertion that the district court's findings fell short on the matter. We likewise concurred and found the record "undeniably reflects that the district court failed to conduct the proper inquiry" and that such noncompliance demanded we vacate the district court's BIDS attorney fee assessment. *Gutierrez*, 2023 WL 5811608, at *5.

Our position has not changed since the filing of the original opinion. The district court failed to conduct the proper analysis at Gutierrez' original sentencing hearing and therefore, the resulting fee calculation cannot be permitted to stand.

Sentence vacated and case remanded with directions.

\* \* \*

MALONE, J., concurring: I concur with the result that Lorena Gutierrez must receive 130 additional days of jail credit in 21CR420 for the days she was in jail from September 23, 2021, to the date of her plea on January 31, 2022, but only because she was not awarded credit for these days in any other case. *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), does not address the scenario where a defendant is ordered to serve consecutive sentences in multiple cases and does not modify Kansas caselaw barring duplicative credit. See, e.g., *State v. Davis*, 312 Kan. 259, 287, 474 P.3d 722 (2020); *State v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2001) ("K.S.A. 21-4614 [predecessor

6

to K.S.A. 2022 Supp. 21-6615] contains no provision for credit in excess of the time an individual is actually incarcerated in jail.").