NOT DESIGNATED FOR PUBLICATION

Nos. 127,405
127,406
127,407

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTOINE CORNELLIUS JONES,
*Appellant.*

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Submitted without oral argument. Opinion filed March 28, 2025. Affirmed.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: Antoine Cornellius Jones spent 813 days in custody awaiting the disposition of several criminal cases. He had pleaded guilty in three cases, and the district court had ordered him to serve sentences for each case consecutively. The district court applied 220 days of jail time credit in the first two cases and 373 days of credit in the third case. Jones filed a motion to award additional credit, arguing jail time credit must be awarded for each day spent in each case. Jones thus claimed that he was entitled to 813 days in the first case, 655 days in the second case, and 373 days in the third case. The district court denied Jones' motion. Finding no error, we affirm.

1

*Factual and Procedural Background*

The State charged Jones with crimes in eight cases for crimes committed between October 2020 and October 2022. Jones pleaded no contest to charges in three of them (20 CR 413, 21 CR 276, and 22 CR 257) by a plea agreement in which the State agreed to dismiss the remaining five cases. Jones was held in custody on and off throughout the pendency of these cases and served 813 days in jail.

The district court sentenced Jones to serve consecutive terms of 21, 30, and 27 months' incarceration, resulting in a total controlling sentence of 78 months in prison. At the sentencing hearing, the district court agreed with defense counsel that Jones was eligible for credit for any time he served in custody, "even in [the cases] that were resolved." The district court later awarded Jones credit for the total 813 days that he spent in jail. In the journal entry of sentencing in each case, the district court credited Jones 220 days in 20 CR 413, 220 days in 21 CR 276, and 373 days in 22 CR 527.

Jones moved to correct his sentence, arguing he was entitled to additional jail time credit. He claimed that under *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), the district court needed to award him credit in each case for every day that he spent in custody, even if this resulted in a duplicative award. Jones claimed that he spent 814 days in jail in 20 CR 413, 655 days in 21 CR 276, and 374 days in 22 CR 527. On appeal, Jones concedes that defense counsel miscalculated these dates by one day and thus does not challenge the district court's finding that he spent 813 days rather than 814 days in jail. Still, he asserts that he was entitled to a total of 1,840 days of credit—1,027 more days than the district court awarded—against his controlling 78-month sentence.

The district court denied Jones' motion, finding *Hopkins* did not approve more than day-to-day jail time credit. The district court thus refused to amend its sentencing decision.

Jones timely appeals. We consolidated Jones' three criminal cases for appellate review.

*Did the District Court Err by Awarding Jones Day-to-day Jail Credit?*

Jones appeals the district court's denial of his motion to award jail credit for each day spent in each separate criminal case. He makes the same argument he made to the district court—that the applicable jail time credit statute and our Supreme Court's holding in *Hopkins* required the court to apply 813 days in the first case, 654 days in the second case, and 373 days in the third case.

Kansas criminal defendants are allowed credit toward their controlling prison sentences for time spent incarcerated pending the disposition of their cases. See K.S.A. 21-6615(a). The relevant portion of the applicable statue provides:

> "(a) In any criminal action in which the defendant is convicted, the judge . . . shall direct that for the purpose of computing defendant's sentence . . . that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and *shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case*." (Emphasis added.) K.S.A. 21-6615(a).

Kansas courts previously interpreted this statute as allowing jail credit for time the defendant spent "solely" on the crime charged. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019); *Campbell v. State*, 223 Kan. 528, 529-31, 575 P.2d 524 (1978). This meant that criminal defendants held in jail in multiple cases might receive jail credit for *none* of those cases. *Hopkins*, 317 Kan. at 657-59. The Kansas Supreme Court overruled such interpretations in *Hopkins* and held that a defendant must receive one day of credit toward their sentence for every day spent in jail during the pendency of their case. 317 Kan. at 657. Because Hopkins had spent 572 days in jail while his case was

pending, he had to be awarded 572 days in jail time credit against his sentences. 317 Kan. at 659.

Quoting the following language from *Hopkins*, Jones argues that our Supreme Court's interpretation of the previous version of the jail time credit statute favors his position: "Under the obvious and plain meaning of the words chosen by the Legislature, a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." (Emphasis added.) *Hopkins*, 317 Kan. at 657. He also points out that K.S.A. 21-6615(a) states that the date a person's sentence commences must "reflect and . . . be calculated" to allow for "the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Yet, he contends, the district court effectively and erroneously added this clause to the end of that statute— "*unless it is applied to another case*"—by refusing to credit him for the days he spent in jail simply because he received consecutive sentencing. See *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, Syl. ¶ 6, 154 P.3d 494 (2007) (It is not a court's function to add language to a statute.).

We disagree. In *State v. Davis*, 312 Kan. 259, 287, 474 P.3d 722 (2020), our Supreme Court held that "if consecutive sentences are imposed in separate cases, the defendant is still only entitled to a single day of jail time credit for each day spent in jail." Thus, "'[j]ail credit awarded in two cases for the same dates can only be counted once when sentences are run consecutively.'" 312 Kan. at 287. *Davis* is still good law, and we are duty-bound to follow it. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

More recently, in *State v. Feikert*, 64 Kan. App. 2d 503, 553 P.3d 344 (2024), *petition for rev. filed* August 12, 2024, a panel of this court found that "[n]othing in *Hopkins* suggests that the Kansas Supreme Court intended to modify *Davis*' rule that prohibits duplicative credit in instances when a defendant receives consecutive sentences in multiple cases." 64 Kan. App. 2d at 509. Based on this reasoning, *Feikert* rejected the

4

same argument that Jones makes here. See 64 Kan. App. 2d at 508-10. We agree with that reasoning.

We recognize that we are not bound to follow *Feikert*. See *State v. Fleming*, 308 Kan. 689, 706, 423 P.3d 506 (2018) (Court of Appeals panels may disagree with other decisions from our court.); Supreme Court Rule 8.03(k)(1) (2024 Kan. S. Ct. R. at 61) (case pending on petition for review has no precedential value). But we find *Feikert* persuasive on this issue. And several panels have recently adopted its reasoning and rejected the very argument that Jones raises here. See, e.g., *State v. Kelly*, No. 127,096, 2025 WL 734751, at *2-3 (Kan. App. 2025) (unpublished opinion), *State v. Mills*, No. 127,057, 2024 WL 4799513, at *4 (Kan. App. 2024) (unpublished opinion), *petition for rev. filed* December 16, 2024; *Ridge v. Kansas Dept. of Corrections*, No. 126,654, 2024 WL 4314711, at *2-3 (Kan. App. 2024) (unpublished opinion), *petition for rev. filed* October 3, 2024.

Jones also claims that the recent amendment to K.S.A. 21-6615(a) supports the conclusion that jail time credit must be awarded in each criminal case. Effective May 23, 2024, K.S.A. 21-6615(a) states that "[a]ny time awarded as credit in another case when consecutive sentences are imposed" shall not be "time spent incarcerated pending disposition of the defendant's case." K.S.A. 2024 Supp. 21-6615(a)(2)(A). This amendment echoes the ruling in *Feikert*. Jones agrees that this amendment does not apply here. Still, when the Legislature revises an existing law, we presume that the Legislature intended to change the law as it existed before the amendment. *City of Dodge City v. Webb*, 305 Kan. 351, 356, 381 P.3d 464 (2016). Jones thus asserts that this new addition to the law tacitly recognizes that duplicative credit was allowed under the previous version of the statute, which applies here.

We do not share this view and instead agree with *Feikert*'s explanation of the 2024 amendment—that the amendment merely codified the Kansas Supreme Court's previous

holding in *Davis* that a defendant is not entitled to duplicative jail credit towards consecutive prison sentences imposed in multiple cases. *Feikert*, 64 Kan. App. 2d at 509-10.

Finally, Jones asks us to follow the procedure that other panels took in two previous post-*Hopkins* appeals. In those cases, the panels found error based on the issue raised in *Hopkins* and ordered the district court to award jail credits. But those cases did not address duplicative jail credit in consecutive sentencing scenarios. Instead, the defendants in those cases had not been awarded any jail credit. See *State v. Brown*, No. 125,797, 2023 WL 8521389, at *3 (Kan. App. 2023) (unpublished opinion); *State v. Breese*, No. 125,837, 2023 WL 8520792, at *3 (Kan. App. 2023) (unpublished opinion).

Unlike the defendants in those cases, Jones received credit toward his controlling sentence for each day he spent in jail. As explained in *Feikert*, K.S.A. 21-6615(a) requires that "a defendant should receive one day of credit—not multiple days—toward a controlling prison sentence for every day spent in jail." 64 Kan. App. 2d at 508. The credit that the district court awarded here complies with this rule.

The district court correctly awarded Jones 813 days of jail credit. He shows no legal basis to support his claim that he was entitled to an additional 1,027 days. We thus affirm Jones' sentence and the district court's denial of his request to amend his sentence.

Affirmed.