NOT DESIGNATED FOR PUBLICATION

Nos. 127,405
127,406
127,407

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTOINE CORNELLIUS JONES,
*Appellant.*

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Submitted without oral argument. Opinion on remand filed July 18, 2025. Sentence vacated and case remanded with directions.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: Antoine Cornellius Jones spent 813 days in custody awaiting the disposition of several criminal cases. He had pleaded guilty in three cases, and the district court had ordered him to serve sentences for each case consecutively. The district court applied 220 days of jail-time credit in the first two cases and 373 days of credit in the third case. Jones moved to award additional credit, arguing jail-time credit must be awarded for each day spent in each case. Jones thus claimed that he was entitled to 813 days in the first case, 655 days in the second case, and 373 days in the third case. The district court denied Jones' motion. We affirmed, finding no error in the district court's

1

award of jail credit. *State v. Jones*, No. 127,405, 2025 WL 946030, at *1 (Kan. App. 2025) (unpublished opinion).

Jones then moved for rehearing or modification of our opinion, which we denied—by that time, both parties had filed petitions for review. On June 20, 2025, the Kansas Supreme Court granted Jones' petition for review, summarily vacated our opinion, and remanded the case to us for reconsideration under *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025). It denied the State's cross-petition for review. On that same date, the Kansas Supreme Court vacated our court's decision in *State v. Feikert*, 64 Kan. App. 2d 503, 508, 553 P.3d 344 (2024) (holding that *State v. Davis*, 312 Kan. 259, 287, 474 P.3d 722 [2010] prohibits duplicative credit when defendant receives consecutive sentences in multiple cases). No. 126,505 (Kan. S. Ct. order filed June 20, 2025). This panel had relied on *Feikert* and *Davis* in finding no error in Jones' award of jail credit. On remand, we find that under *Ervin*, Jones is entitled to receive jail credit for all time served regardless of whether that allows him duplicative credit.

*Factual and Procedural Background*

The State charged Jones in eight cases for crimes committed between October 2020 and October 2022. Jones pleaded no contest to charges in three of them (20 CR 413, 21 CR 276, and 22 CR 257) by a plea agreement in which the State agreed to dismiss the remaining five cases. Jones was held in custody on and off throughout the pendency of these cases and served 813 days in jail.

The district court sentenced Jones to serve consecutive terms of 21, 30, and 27 months' incarceration, resulting in a total controlling sentence of 78 months in prison. At the sentencing hearing, the district court agreed with defense counsel that Jones was eligible for credit for any time he served in custody, "even [in the cases] that were resolved." The district court later awarded Jones credit for the total 813 days that he spent

2

in jail. In the journal entry of sentencing in each case, the district court credited Jones 220 days in 20 CR 413, 220 days in 21 CR 276, and 373 days in 22 CR 527.

Jones later moved to correct his sentence, arguing he was entitled to additional jail-time credit. He claimed that under *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), the district court needed to award him credit in each case for every day that he spent in custody, even if this resulted in a duplicative award. Jones claimed that he spent 814 days in jail in 20 CR 413, 655 days in 21 CR 276, and 374 days in 22 CR 527. On appeal, Jones concedes that defense counsel miscalculated these dates by one day and thus does not challenge the district court's finding that he spent 813 days rather than 814 days in jail. Still, he asserts that he was entitled to a total of 1,840 days of credit—1,027 more days than the district court awarded—against his controlling 78-month sentence.

The district court denied Jones' motion, finding *Hopkins* did not approve more than day-to-day jail-time credit. The district court thus refused to amend its sentencing decision. Jones timely appealed and we consolidated his three criminal cases for appellate review.

*Jail Credit Under Ervin*

Kansas criminal defendants are allowed credit toward their controlling prison sentences for time spent incarcerated pending the disposition of their cases. See K.S.A. 2024 Supp. 21-6615(a). The relevant portion of the applicable statue provides:

> "In any criminal action in which the defendant is convicted, the judge . . . shall direct that for the purpose of computing defendant's sentence . . . that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 21-6615(a)(1).

Kansas courts previously interpreted this statute as allowing jail credit for time the defendant spent "solely" on the crime charged. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019); *Campbell v. State*, 223 Kan. 528, 529-31, 575 P.2d 524 (1978). But this meant that criminal defendants held in jail in multiple cases might receive jail credit for *none* of those cases. See *Hopkins*, 317 Kan. at 657-59. The Kansas Supreme Court overruled such interpretations in *Hopkins* and held that a defendant must receive one day of credit toward their sentence for every day spent in jail during the pendency of their case. 317 Kan. at 657. Because Hopkins had spent 572 days in jail while his case was pending, he had to be awarded 572 days in jail-time credit against his sentences. 317 Kan. at 659. Later, our court decided *Feikert*, which dealt with consecutive sentences imposed in separate cases. We held that the defendant is entitled to a single day of jail credit for each day spent in jail while those cases were pending, but a defendant is not entitled to duplicative jail credit toward consecutive prison sentences imposed in multiple cases. 64 Kan. App. 2d 503, Syl. ¶ 2.

Today, our resolution of Jones' jail-time credit is mandated by our Supreme Court's recent decision in *Ervin,* and its vacating of *Feikert*. We are duty-bound to follow Kansas Supreme Court precedent. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Based on the plain language of K.S.A. 21-6615, as recently interpreted by our Supreme Court in *Ervin*, Jones is correct that a district court must award credit for all time spent incarcerated pending the disposition of his case. This means that the district judge must award one day of credit for each day that Jones was incarcerated pending disposition of this case even if he also received credit for some or all that time against a sentence in another case or cases. *Ervin*, 320 Kan. at 311-12.

Accordingly, we vacate the district court's jail-time credit decision and remand this case to the district court to apply jail credit toward Jones' sentence consistent with *Ervin*.

Sentence vacated and case remanded with directions.