NOT DESIGNATED FOR PUBLICATION

No. 127,269

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

KENDALL RAY PICKERING,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; AMY NORTON, judge. Submitted without oral argument. Opinion filed October 3, 2025. Vacated in part and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Kendall Pickering pleaded no contest to fleeing or attempting to elude a police officer and was sentenced to 13 months' imprisonment, to be served consecutively to a 37-month prison sentence in two other cases. After sentencing, Pickering asked that he be given credit toward his sentence for the time he spent in jail awaiting the disposition in these cases—a period of 377 days. The district court awarded 5 days of jail credit in this case but denied the request for credit for the remaining 372 days, finding the other time had all been credited toward Pickering's sentence in the other cases.

1

Pickering appeals, arguing the district court's jail-credit ruling is contrary to recent Kansas Supreme Court caselaw. After we docketed Pickering's appeal, the Kansas Supreme Court decided *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025), ruling that offenders are entitled to receive jail credit for all time spent incarcerated pending the disposition of their case regardless of whether they received an allowance for that time against a sentence in another case. Based on that decision, we agree that Pickering may be entitled to additional credit for the days he was incarcerated pending the disposition of his three criminal cases. We thus vacate the district court's calculation of his jail credit, and we remand this matter for a hearing to determine the proper amount of jail credit to be awarded in light of the holding in *Ervin*.

FACTUAL AND PROCEDURAL BACKGROUND

We limit our discussion here to the facts relevant to this issue. Pickering was arrested on January 10, 2022, and was charged with fleeing or attempting to elude a police officer and various other crimes. Pickering remained in custody for five days until he posted bond on January 15. At the time of his arrest, Pickering was on felony bond in another case involving a different incident.

Following negotiations, Pickering entered a global plea agreement for three separate criminal cases. In the case on appeal, Pickering pleaded no contest to fleeing or attempting to elude a police officer. At the same time, he also pleaded no contest to different crimes in the other two cases. At sentencing, the district court imposed a 13-month prison sentence in the case on appeal, to be served consecutively to the 37-month prison sentence in the other cases, for a controlling sentence of 50 months' imprisonment.

Two months after the sentencing hearing but before the sentencing journal entry was filed, Pickering filed a motion for jail credit. He requested credit for 377 days to be

awarded to his underlying sentence under the authority of the Kansas Supreme Court's decision in *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), instead of the 5 days that appeared on the State's proposed sentencing journal entry. Pickering's motion indicated that he had spent 372 days incarcerated with the Kansas Department of Corrections between September 2022 and his sentencing hearing in October 2023. The record is unclear as to the circumstances that led to Pickering's incarceration—whether his bond was revoked in this case or whether he was being held solely in the other cases that were pending.

Pickering conceded that the 372 additional days for which he sought credit had been previously applied to some of his other sentences. But he nevertheless argued that his sentence should still be credited for the time he spent in custody.

After a hearing, the district court denied Pickering's request for additional credit. Pickering appeals that decision.

DISCUSSION

In Kansas, the right to jail credit is governed by statute. At the time Pickering committed his offenses, K.S.A. 2021 Supp. 21-6615(a) stated:

"In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.*" (Emphasis added.)

3

As our state's caselaw has now thoroughly discussed, Kansas courts previously interpreted this statute to allow a defendant to receive jail credit only if they were being held "solely" on the crime charged. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019); *Campbell v. State*, 223 Kan. 528, 529-31, 575 P.2d 524 (1978). This meant that criminal defendants who were held in jail for multiple cases might not receive jail credit for any of those cases. *Hopkins*, 317 Kan. at 657-59. But in 2023, our Supreme Court overruled this interpretation of the statute after finding that it had become "unworkable and inconsistently applied." 317 Kan. at 656-57. Under its new interpretation, the Supreme Court held, "a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." 317 Kan. at 657.

In *Ervin*, the Kansas Supreme Court held that the version of K.S.A. 21-6615(a) in effect in Pickering's case "require[s] a district court to award [credit] for all time spent [in jail] 'pending the disposition of the defendant's case.'" 320 Kan. at 311. Our Supreme Court clarified that the jail-credit statute compels an award of one day of jail-time credit for "each day that [a defendant is] incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

Because Pickering's appeal was pending when *Ervin* became binding precedent, we find that the Kansas Supreme Court's interpretation of K.S.A. 21-6615(a) applies. See *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). But it is unclear what effect, if any, *Ervin* would have on the district court's decision in this case. As we have indicated, several questions remain about the nature of Pickering's incarceration during the 372 days for which he requests credit. Was Pickering in custody in this case, or was he released on bond? What was the nature of his incarceration (as the record only reflects that he was being held by the Kansas Department of Corrections)? These questions are important to the resolution of the jail-credit issue. See, e.g., *State v. Hill*, 66 Kan. App. 2d ___, 2025 WL 2737255 (2025) (holding defendant was not allowed credit for time

4

incarcerated in another case when he was released on bond in the case on appeal); *State v. Thompson*, 66 Kan. App. 2d ___ (No. 128,181, this day decided) (defendant not entitled to jail credit when he was released on bond and then incarcerated for a different crime in Missouri); see also *State v. Mason*, 66 Kan. App. 2d ___ (No. 127,896, this day decided) (finding that defendant who commits a new crime in jail is not entitled to credit against sentence for time held before that crime was committed); *State v. Martin*, 66 Kan. App. 2d ___, 2025 WL 2737152 (2025) (finding defendant was not entitled to jail credit for time spent serving a sentence in another case when defendant's new crime was committed while in prison). The record before us and the parties' briefs do nothing to resolve these questions.

It is undisputed, however, that the district court did not have the benefit of the Supreme Court's decision in *Ervin* when it rendered its ruling on Pickering's request for jail credit. We thus vacate the court's jail-credit determination and remand the case for a hearing on what additional credit, if any, Pickering should be awarded based on *Ervin*'s interpretation of K.S.A. 21-6615(a).

Vacated in part and remanded with directions.