NOT DESIGNATED FOR PUBLICATION

No. 126,654

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHARLES RIDGE,
*Appellant*,

v.

KANSAS DEPARTMENT OF CORRECTIONS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Submitted without oral argument. Opinion filed December 19, 2025. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Chadayne C. Walker*, legal counsel, of Kansas Department of Corrections, for appellees.

Before CLINE, P.J., BRUNS and COBLE, JJ.

PER CURIAM: This jail time credit appeal comes before our court on remand from the Kansas Supreme Court. Previously, another panel affirmed the district court's dismissal of Charles Ridge's K.S.A. 60-1501 petition for habeas corpus challenging the jail credit he received because of his incarceration while awaiting the disposition of two separate criminal cases. But the prior panel's opinion was summarily remanded to this court for reconsideration in light of *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025). Because Ridge's sentence is controlled by the law in effect at the time he committed his crimes and he does not receive the benefit of a subsequent change in the law under the circumstances presented, we affirm the district court.

1

FACTS

The parties are familiar with the facts and the procedural history of Ridge's underlying criminal cases. So, we will limit our discussion to those facts that are material to the limited issue presented in this appeal. It is undisputed that Ridge committed aggravated burglary in Johnson County on November 3, 2015. The next day, he committed a murder in Wyandotte County. On November 5, 2015, he was arrested for burglary in Johnson County and was held in the Johnson County Jail. Later, Ridge was charged with murder in Wyandotte County and was transferred to the Wyandotte County Jail on December 22, 2016.

In August 2017, Ridge pled guilty to second-degree murder in Wyandotte County. The district court sentenced him to serve 144 months in prison and granted him 289 days of jail time credit. He was then returned to Johnson County where he pled guilty to aggravated burglary. In February 2018, the district court sentenced Ridge to serve a 53-month prison term concurrent with his sentence in the second-degree murder case. In addition, the district court awarded Ridge 822 days of jail time credit against his Johnson County sentence. Because Ridge did not file direct appeals, his convictions and sentences became final judgments.

On March 31, 2022, Ridge filed a K.S.A. 60-1501 petition seeking to have the Kansas Department of Corrections grant him additional jail time credit in order to modify the date of his release from prison. In particular, he sought to benefit from the Kansas Supreme Court's decision in *State v. Hopkins*, 317 Kan. 652, 659, 537 P.3d 845 (2023), which overruled long-standing Kansas precedent regarding the calculation of jail time credit. After holding a nonevidentiary hearing, the district court denied the K.S.A. 60-1501 petition and Ridge timely appealed. Although a panel of this court affirmed the district court's dismissal, the Kansas Supreme Court summarily vacated that opinion after it released its opinion in *Ervin*.

2

For approximately 45 years, both the Kansas Supreme Court and this court interpreted K.S.A. 21-4614—as well as its subsequent iterations—to mean that defendants could only receive jail time credit toward a sentence for time served while being held solely on the crime charged. See *Campbell v. State*, 223 Kan. 528, Syl. ¶¶ 1-2, 575 P.2d 524 (1978). However, earlier this year in *Ervin*—our Supreme Court held that district judges must "award one day of credit for each day that [a defendant] was incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

By way of his K.S.A. 60-1501 petition, Ridge is attempting to change his original sentence based on cases that were decided several years after it became final. Understandably, he would like to benefit from the change in law on how a district court is to calculate jail time credit at sentencing because it could potentially change the date of his release from prison. But a defendant is not entitled to benefit from a change in the law which occurred "*after* the sentence is pronounced." (Emphasis added.) K.S.A. 22-3504(c)(1). An exception to this statutory rule is when the change of law occurs when a direct appeal is pending. See *State v. Murdock*, 309 Kan. 585, 591-92, 439 P.3d 307 (2019).

Here, Ridge did not directly appeal after the district court announced his sentences in the Wyandotte County and Johnson County cases. As a result, his sentences became final—at the latest—in 2018. Significantly, *Hopkins* was not decided until 2023 and *Ervin* was not decided until 2025. So, Ridge does not benefit from the change of law reflected in those decisions regarding how a district court is to calculate jail time credit. Accordingly, because Ridge is not entitled to either a recalculation of his jail time credit

3

or a modification of his release date based on such a recalculation, we affirm the district court's decision.

Affirmed.