NOT DESIGNATED FOR PUBLICATION

Nos. 128,560
128,561

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LINO J. INIGUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Submitted without oral argument. Opinion filed February 20, 2026. Vacated in part and remanded with directions.

*Sam Schirer*, of Capital Appeals and Conflicts Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., HURST and BOLTON FLEMING, JJ.

PER CURIAM: Lino Iniguez appeals the district court's jail-credit decisions in two related cases, arguing that he should receive additional credit toward his sentences for time he previously spent in jail as the cases proceeded. While Iniguez's cases have been pending, the Kansas Supreme Court has held that a person is entitled to receive credit toward their sentence for all time spent incarcerated pending the disposition of their case, even if they already received credit for that jail time in a different case. Based on this

1

precedent, we agree that the district court erred in calculating Iniguez's jail credit, and we remand the case so the court may calculate the appropriate credit for Iniguez's sentences.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2019, Iniguez pleaded guilty to aggravated assault and criminal possession of a weapon in case number 18CR436 (the 2018 case). The court granted Iniguez a downward dispositional departure to 24 months' probation with concurrent underlying 23- and 9-month prison sentences.

In February 2020, the State charged Iniguez with an offender registration violation in case number 20CR591 (the 2020 case). For reasons not explained by the record before us, there was no action taken on Iniguez's case from May 2020 until March 2024. Iniguez pleaded guilty to an amended charge in the 2020 case in May 2024.

In July 2024, the district court held a joint hearing for a probation violation in the 2018 case and sentencing in the 2020 case, along with a probation violation in a third case (from 2015). As part of a plea deal, the parties recommended that the court discharge Iniguez's probation in the 2015 case, reinstate and extend Iniguez's probation in the 2018 case, and impose probation in the newly sentenced 2020 case. The district court followed this recommendation: It found Iniguez had violated the terms of his probation in the 2018 case and ordered that probation be extended for 24 months. The court also ordered Iniguez to serve 24 months' probation in the 2020 case, with an underlying 57-month prison sentence.

In December 2024, the district court held a hearing and found that Iniguez had again violated the terms of his probation. The court ultimately revoked his probation in the 2018 and 2020 cases, modified the controlling sentence in the 2018 case to 12

2

months' imprisonment, and ordered the 2018 and 2020 sentences to be served consecutively.

The journal entry from this hearing shows the court awarded Iniguez 17 days of jail credit in the 2018 case but declined to award credit for an additional 204 days that Iniguez has spent incarcerated, as he was also being held in the 2015 case at the time. The court did not award any jail credit in the 2020 case, as Iniguez was being held in multiple cases for the entire time he spent in jail pending the disposition of that case.

Iniguez appealed the district court's jail-credit award in both cases, and this court granted his motion to consolidate the cases on appeal.

DISCUSSION

Iniguez's arguments on appeal relate solely to jail credit. He asserts that the district court erred in denying him credit for the days he spent incarcerated pending the resolution of his 2018 and 2020 cases. The State agrees that Iniguez is entitled to "some credit in the instant cases because he never served a sentence in [the 2015 case], and the jail credit that was attributed to that case became dead time." We agree, but on broader grounds than the State provides.

At the outset, Iniguez acknowledges that he did not raise this claim before the district court—a fact that ordinarily might weigh against our consideration of the issue on appeal. But as he notes, the matter presents a question of law and the facts relating to Iniguez's jail credit are undisputed. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015); see also *State v. Ervin*, 320 Kan. 287, 306, 566 P.3d 481 (2025) (finding an exception to the preservation rule applied because appellant presented "a question of law involving interpretation of a statute that is presented on admitted facts"). We thus proceed to consider Iniguez's claim.

3

Jail credit in Kansas is governed by K.S.A. 21-6615(a). The version of that statute in effect when Iniguez committed his offenses in the 2018 and 2020 cases states that a defendant in a criminal case should receive an "allowance" against their sentence for the time they "spent incarcerated pending the disposition of the defendant's case." K.S.A. 2018 Supp. 21-6615(a); K.S.A. 2020 Supp. 21-6615(a).

As our state's caselaw has now thoroughly discussed, Kansas courts previously interpreted this provision to allow a defendant to receive jail credit only if they were being held "solely" on the crime charged. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019); *Campbell v. State*, 223 Kan. 528, 529-31, 575 P.2d 524 (1978). This meant that criminal defendants who were held in jail for multiple cases would sometimes receive no jail credit for any of those cases. *State v. Hopkins*, 317 Kan. 652, 657-59, 537 P.3d 845 (2023). But in 2023, our Supreme Court overruled this interpretation of the statute after finding that it had become "unworkable and inconsistently applied." 317 Kan. at 657. Under its new interpretation, the Supreme Court held, "a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." 317 Kan. at 657.

Similarly in *Ervin*, which was decided while Iniguez's cases have been pending on appeal, the Kansas Supreme Court held that the version of K.S.A. 21-6615(a) in effect in Iniguez's case "require[s] a district court to award [credit] for all time spent [in jail] 'pending the disposition of the defendant's case.'" 320 Kan. at 311. Our Supreme Court clarified that the jail-credit statute compels an award of one day of jail-time credit for "each day that [a defendant is] incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

Iniguez's appeal presents a matter governed by *Hopkins* and *Ervin*. The district court first determined what jail credit should be awarded in Iniguez's 2018 and 2020 cases after it revoked his probation in December 2024. The court declined to award any credit for days in which Iniguez was not being held solely on the crime charged and did not award credit when it had already been received in a different case—practices no longer consistent with Kansas Supreme Court caselaw. See *Ervin*, 320 Kan. at 311-12; *Hopkins*, 317 Kan. at 657. This was error.

Iniguez also argues that the district court miscalculated how many days he spent incarcerated awaiting the disposition of the 2015 case. But because jail credit was only handled in the journal entry, the record before us does not conclusively disclose how many days Iniguez spent in jail for which cases. We thus vacate the court's jail-credit determination and remand the case for a hearing on what additional credit Iniguez should be awarded based on *Hopkins'* and *Ervin's* interpretations of K.S.A. 21-6615(a).

Vacated in part and remanded with directions.