MODIFIED OPINION[1]

NOT DESIGNATED FOR PUBLICATION

No. 127,326

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW ROST,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Original opinion filed April 11, 2025. Modified opinion filed June 20, 2025. Reversed and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., HILL and ARNOLD-BURGER, JJ.

PER CURIAM: This is a case about the proper award of jail credit when a defendant has several cases for which a jail term has been imposed that are ordered to be served consecutively. Here, Matthew Rost was ultimately sentenced to 11 months in prison on

---

[1]**REPORTER'S NOTE**: Opinion No. 127,326 was modified by the Court of Appeals on June 20, 2025, in response to appellant's motion for modification. Additional language appears at slip op. at 2, 5-6.

one case and 18 months in prison on another. The sentences were to be consecutive to each other, which would equate to 29 months in prison, or roughly 870 days. The issue is how to apply the 616 days in jail credit to which he is entitled. This court issued an opinion on April 11, 2025, finding that based on this court's interpretation of *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), Rost could not receive duplicative jail credit. Accordingly, we affirmed the district court decision. See *State v. Rost*, No. 127,326, 2025 WL 1088823, at *3 (Kan. App. 2025) (unpublished opinion). The same day our opinion was issued, the Kansas Supreme Court issued its opinion in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025).

Based on the decision in *Ervin* finding that duplicative jail credit can be assessed, Rost filed a motion to modify our decision. The State has responded arguing that *Ervin* does not apply because this was an appeal of a probation revocation, not a direct appeal. Accordingly, the State argues that Rost does not receive any benefit from *Ervin*. We disagree for the reasons stated below. We hereby grant Rost's motion to modify our April 11, 2025 decision. We now rule consistent with *Ervin* that Rost is entitled to receive jail credit for all time served regardless of whether that allows him "double" credit as applied. The district court's calculation of jail credit is vacated, and the case is remanded to the district court to apply jail credit toward Rost's sentence consistent with *Ervin*.

FACTUAL AND PROCEDURAL HISTORY

On December 1, 2020, Rost was charged with possession of methamphetamine in this case—20-CR-2409 (Case 1). At the time he was charged in this case, Rost was already facing four other charges in an earlier case—20-CR-2185 (Case 2). He had served time on a case in Pratt County, 20CR63 (Case 3).

Rost eventually reached a plea agreement with the State covering both cases. He agreed to plead guilty to possession of methamphetamine in Case 1 and to possession of

2

methamphetamine, aggravated weapons violation by a convicted felon, and theft in Case 2. In exchange, the State agreed to dismiss the fourth charge in Case 2, to recommend the mid number in the appropriate guideline grid box on all counts, to recognize that these sentences are presumptive probation, and to recommend that all sentences run concurrent with each other but consecutive to any sentences in prior cases. At all times, the only other case which would qualify as a prior case was Case 3.

At Rost's sentencing hearing on July 8, 2021, the State made the recommendations it agreed to in the plea agreement except for one modification. About a week earlier, Rost's bond had been revoked because he had allegedly committed new law violations—theft, fleeing or eluding, and driving while suspended. Thus, the State requested that the court run Rost's sentence in this case consecutive to the sentence imposed in Case 2—rather than concurrent, as agreed in the plea agreement.

The court ordered Rost serve a controlling sentence of 11 months' imprisonment in Case 2 with all counts running concurrent. He was given credit for 11 months served on Case 2. And in Case 1, the court imposed a 22-month prison sentence to run consecutive to the sentence in Case 2 as well as "any other prior cases." The court, however, suspended the sentence in Case 1 and ordered Rost serve 12 months' probation "starting today."

Six months later, the State moved to revoke Rost's probation, alleging that he had violated the terms of his probation by, among other things, committing several new law violations:  driving under the influence, driving while suspended, felony criminal damage, felony obstruction, theft of a motor vehicle, theft of a firearm, felony fleeing or eluding, and felon in possession of a firearm.

Rost ultimately admitted he was in violation of his probation by committing new crimes. Accordingly, the court revoked his probation in Case 1. However, the court

3

modified his sentence in Case 1 from 22 months to 18 months, still ordering the sentence to be consecutive with Case 2 and "any other prior cases." The prosecutor noted that, based on his calculations, Rost should have two days' credit in Case 1, with the balance left to serve. Rost's attorney questioned whether Rost had been held on Case 3 for the time claimed. The court noted that it would be "hashed out on the journal entry. And then if there is an issue with time served credit, take that up on a motion at the appropriate time."

Rost later moved to amend the journal entry of sentencing, and the discussion of which days in jail applied to which cases ensued. Rost argued that he should be given credit on Case 1 for a total of over 600 days.

Ultimately, there was no dispute regarding the dates Rost was in jail, just the cases to which the days should be applied. He argued that he should be awarded jail time credit in Case 1 for all 616 days because these were days that he spent in custody pending the disposition of Case 1, regardless of whether he was also being held on other cases.

The court noted its understanding of the recent case of *Hopkins*, 317 Kan. 652, and the need to give credit for every day served but noted that *Hopkins* did not involve consecutive sentences. And, to give credit for the same time served on two different cases that were ordered to run consecutive, in effect, would change a consecutive sentence to a concurrent sentence.

The court ultimately rejected Rost's request for duplicative credit and gave Rost credit for a total of four days served on Case 1, finding that the other days had been correctly applied to his other cases.

ANALYSIS

4

Rost argues that the district court's award of jail credit was inconsistent with the jail credit statute and the Kansas Supreme Court's holding in *Hopkins*, 317 Kan. 652. That is, Rost asserts that *Hopkins* established a rule that a defendant must receive credit against their sentence "for *all* time spent incarcerated while the defendant's case was pending disposition." (Emphasis added.) 317 Kan. 652, Syl. So, because he spent 616 days in custody while awaiting the disposition in this case, Rost argues that he should be awarded credit toward his sentence for that time—regardless of whether he has received credit for that time in other cases.

The right to jail time credit in Kansas is statutory. Statutory interpretation presents a question of law over which this court conducts an unlimited review. See *State v. Davis*, 312 Kan. 259, 267, 474 P.3d 722 (2020).

Jail credit in Kansas is governed by K.S.A. 21-6615(a), which states that when a defendant is convicted and sentenced to confinement, that sentence should be computed to "reflect . . . an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

Based on the plain language of K.S.A. 21-6615, as recently interpreted by our Supreme Court, Rost is correct that a district court is required to award an allowance for all time spent incarcerated pending the disposition of the defendant's case. This language requires the district judge to award one day of credit for each day that Rost was incarcerated pending disposition of this case regardless of whether he received an allowance for some or all that time against a sentence in another case. *Ervin*, 320 Kan. at 311-12.

The State argues that *Ervin* was wrongly decided, yet regardless Rost should not get the benefit of *Ervin* because this case was not on direct appeal when the *Ervin* opinion was released. Instead this is an appeal of a probation revocation. We disagree. Our

5

Supreme Court made it clear in *State v. Smith*, 309 Kan. 977, 985, 441 P.3d 1041 (2019), that our court does have jurisdiction to consider a jail credit calculation even if it was not raised on direct appeal. See K.S.A. 22-3504. Since Rost's appeal of his probation revocation and jail time credit award was pending when *Ervin* was decided, the holding in *Ervin* applies to Rost's probation revocation appeal. See *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013) ("Generally, when an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not yet final on the date of the appellate court decision.").

We are duty bound to follow Supreme Court precedent. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Accordingly, consistent with *Ervin,* Rost is entitled to receive jail credit for all time served regardless of whether that allows him duplicative credit as applied. The district court decision is reversed, and the case is remanded to the district court to apply jail credit toward Rost's sentence consistent with *Ervin*.

Reversed and remanded with directions.